**Thomas BRYAN, Plaintiff-Appellant,**

v.

**Wilbur S. JOHNSON, Judge, Circuit Court of Henry County, Illinois, Dean Leander, and Larry S. Vandersnick, State's Attorney of Henry County, Illinois, Defendants-Appellees.**

No. 85–2434.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 1986.

Decided June 17, 1987.

Geraldine M. Alexis, Sidley & Austin, Chicago, Ill., for plaintiff-appellant.

Diane M. Curry, Atty. Gen., Chicago, Ill., for defendants-appellees.

Before CUDAHY and COFFEY, Circuit Judges, and GRANT, Senior District Judge.[*]

COFFEY, Circuit Judge.

Appellant Thomas Bryan appeals the district court's *sua sponte* dismissal of his complaint under 42 U.S.C. § 1983 after he

---

[*] The Honorable Robert A. Grant, Senior District Judge of the Northern District of Indiana, is sitting by designation.

paid a partial filing fee of $21.09. We vacate the district court's order dismissing the complaint and remand with instructions to the district court to issue the summons to the defendants.

## I

On May 5, 1983, appellant Thomas Bryan pled guilty to robbery, residential burglary, aggravated battery, and theft in the Circuit Court of Henry County, Illinois, was sentenced to six years in prison and fined $10,000. Prior to pleading guilty, Bryan had arranged for a loan from a friend, Sam Fasson, of $10,000 and posted that amount as a deposit for his release on bail. Bryan promised Fasson that he would return the money to Fasson minus ten percent which was to be retained by the Clerk of the Circuit Court as bail bond costs pursuant to Illinois law after his conviction and sentencing. *See* Ill.Rev.Stat. ch. 38, para. 110–7(a). Bryan complied with the requirements of the Illinois bail statute and surrendered to the custody of the Illinois Department of Corrections upon sentencing. The Circuit Court of Henry County failed to refund Bryan's bail deposit applying it instead to satisfy the $10,000 fine imposed on Bryan.

In July, 1984, Bryan and Fasson filed a "Petition Requesting Refund of Bail" before Judge Wilbur S. Johnson in the Circuit Court of Henry County. The State's Attorney for Henry County failed to respond to the petition and the court failed to act on the matter. On November 9, 1984, Bryan and Fasson filed a "Motion for Default Judgment" with the Circuit Court. No action has been taken by the Circuit Court or the State's Attorney with respect to the petition for refund or the motion for default judgment.

On February 6, 1985, Bryan filed this action in the district court under 42 U.S.C. § 1983 alleging that Johnson, the judge of the Circuit Court of Henry County who presided over Bryan's criminal case, Dean Leander, Clerk of the Circuit Court of Hen-

ry County, and Larry Vandersnick, the State's Attorney for Henry County, violated Bryan's rights because they failed to act on his petition for refund of his bail deposit and his motion for default judgment. Bryan further alleged that the defendants violated his rights because they conspired to keep him from obtaining a refund of his bail deposit. In addition to his complaint, Bryan filed a Motion and Affidavit in Support of Request to Proceed *In Forma Pauperis.* On May 7, 1985, the district court issued an order with respect to Bryan's motion to proceed *in forma pauperis* requiring Bryan to prepay a partial filing fee in the amount of $21.09. On June 4, Bryan paid the partial filing fee, but on June 24, he filed a Motion for Reconsideration of Order Requiring Payment of Partial File Fee, claiming that the $21.09 partial fee was excessive in light of the fact that it amounted to 40 percent of his total assets. The district court denied Bryan's motion for reconsideration on May 3, 1985. On July 30, 1985, the district court dismissed Bryan's complaint *sua sponte* stating that the Illinois circuit court's failure to act on his petition for a return of his bail deposit did not "rise to the level of deprivation of the constitutional magnitude required by § 1983." *Bryan v. Johnson,* No. 85–4097, slip op. at 5 (C.D.Ill. July 30, 1985). A summons was never issued, and the defendants have never responded to the complaint.

## II

Bryan initially sought leave to proceed *in forma pauperis* in the district court pursuant to 28 U.S.C. § 1915, and, after examining Bryan's prison trust account ledger, the court ordered him to pay a partial filing fee of $21.09. Bryan paid the filing fee, but the district court subsequently dismissed the complaint *sua sponte* finding that the complaint failed to state a claim and relying on 28 U.S.C. § 1915(d).[1] Bryan argues that the district

---

1. 28 U.S.C. § 1915 (1982) states:
   "(a) Any court of the United States may authorize the commencement prosecution or

defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security there-

court erred in dismissing his complaint *sua sponte* after requiring payment of a $21.09 partial filing fee.

Federal Rule of Civil Procedure 4(a) states:

> "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint. Upon request of the plaintiff separate or additional summons shall issue against any defendants."

Fed.R.Civ.P. 4(a). A complaint is deemed to be filed upon the payment of the filing fee. *See Franklin v. State of Oregon, State Welfare Division,* 662 F.2d 1337, 1340–41 (9th Cir.1981). This circuit has interpreted Rule 4(a) to require "the clerk to immediately issue a summons and deliver it to the marshal for service." *Nichols v. Schubert,* 499 F.2d 946, 947 (7th Cir. 1974) (quoting *Vina v. Hub Electric Co.,* 480 F.2d 1139, 1140 (7th Cir.1973)). "A district court may dismiss an action on its own motion for failure to state a claim, but only after the court takes the proper procedural steps." *Franklin,* 662 F.2d at 1340–41. "The court must permit issuance and service of process as required by Fed.R. Civ.P. 4(a) and the court must notify the plaintiff of the proposed action and afford

him an opportunity to submit written argument in opposition." *Id.* at 1341.

In the case at bar, Bryan initially sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The district court ruled on the motion and required Bryan to pay a partial filing fee. After Bryan paid the fee, the district court dismissed his case *sua sponte.* Section 1915 allows the court to grant permission to a litigant to proceed "without prepayment of costs." Other circuits have interpreted section 1915 to allow district courts to permit litigants without sufficient funds to make full payment of fees but with some assets to proceed upon payment of partial fees. *See, e.g., In re Williamson,* 786 F.2d 1336, 1338 (8th Cir. 1986); *Jones v. Zimmerman,* 752 F.2d 76 (3d Cir.1985); *Collier v. Tatum,* 722 F.2d 653 (11th Cir.1983); *Smith v. Martinez,* 706 F.2d 572 (5th Cir.1983); *Evans v. Croom,* 650 F.2d 521 (4th Cir.1981). In *Zaun v. Dobbin,* 628 F.2d 990 (7th Cir. 1980), in dicta we approved of this procedure stating "[i]f a litigant cannot pay the full filing fee or other court expenses, but it would not be economically unfair for him to pay a portion of the costs, it should be within the court's authority to order payment of a portion of the expense while waiving the remainder." *Id.* at 993 (citing *Williams v. Spencer,* 455 F.Supp. 205, 209 (D.Md.1978); *Braden v. Estelle,* 428 F.Supp. 595 (S.D.Texas 1977); *United*

for, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

(b) Upon the filing of an affidavit in accordance with subsection (a) of this section, the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceed-

ings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

(c) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

(e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States."

*States ex rel. Irons v. Pennsylvania*, 407 F.Supp. 746, 747 (M.D.Pa.1976)). "Partial payment plans are designed to help curb the indiscriminate filing of frivolous lawsuits 'by weeding out those [actions] where it appears the plaintiff himself has some financial resources but has such a lack of good faith in his action that he is unwilling to make any contribution, however small, towards meeting its filing costs.'" *In re Williamson*, 786 F.2d 1336, 1339 (8th Cir. 1986) (quoting *Evans v. Croom*, 650 F.2d 521, 523 (4th Cir.1981)). In *Jones v. Morris*, 777 F.2d 1277 (7th Cir.1985), we stated that section 1915:

> "[e]mbodies a delicate balance between access to the courts and the need to curb the abuses necessarily associated with *in forma pauperis* litigation. On the one hand, the right to proceed *in forma pauperis* ensures that the indigent litigant has meaningful access to the federal justice system. At the same time, though, the Congress has recognized that the litigant who takes advantage of this manner of proceeding, unlike his nonindigent counterpart, is not subject to the same economic disincentives to filing frivolous, malicious, or repetitive lawsuits. These improperly taken suits can clog the courts and reduce the capacity of the entire system to deal effectively with truly meritorious claims."

*Id.* at 1279 (citations omitted).

■ In light of the above stated policies it was proper for the district court to require Bryan to pay a partial fee, but upon payment of the partial fee the district court should have treated Bryan's complaint in the same manner as a complaint that was not filed *in forma pauperis*. In *Wartman v. Branch 7, Civil Division County Court, Milwaukee County, State of Wisconsin*, 510 F.2d 130 (7th Cir.1975), we held that a district judge should deny leave to proceed *in forma pauperis* pursuant to section 1915 if an action is frivolous or malicious, but if the motion is granted and the complaint filed, the case cannot be dismissed until a summons has been issued. In *Wartman*, the district court granted plaintiffs leave to proceed *in forma pauperis*

and, on its own motion, dismissed the complaint. We stated:

> "Accordingly, in the future, a district judge should deny leave to proceed *in forma pauperis* if an action is frivolous or malicious. If the motion is granted and the compliant filed, the matter cannot be dismissed until summons has issued. This practice will avoid any conflict between section 1915 and Fed.R. Civ.P. 4(a). We stress, however, that this opinion does not change the stringent standards to be applied in deciding whether a complaint is frivolous or malicious."

*Id.* at 134.

■ In the case at bar, the district judge allowed Bryan to proceed upon the payment of a partial filing and then dismissed the complaint. This procedure runs counter to our holding in *Wartman*. Also, the procedure adopted here fails to serve any of the policy considerations discussed above. The district court had the opportunity to determine whether Bryan's complaint was frivolous when it initially considered his motion to proceed *in forma pauperis*. If the court had considered the complaint to be frivolous it should have at that point dismissed the matter pursuant to § 1915(d) instead of ordering Bryan to pay a partial filing fee. Moreover, Bryan himself thought his claim was meritorious because he devoted a significant share of his assets to prosecuting his claim. Thus, instead of dismissing the complaint, the court should have permitted a summons to issue and allow the defendants to respond. We, therefore, hold that the district court was in error in dismissing Bryan's complaint in contravention of Fed.R.Civ.P. 4(a) prior to the issuance of a summons. However, while we hold that the district court erred in dismissing the complaint, we make no comment on the merits of Bryan's claim.

### III

The district court's order to dismiss is vacated. We instruct the district court to reinstate the action and direct the issuance of a proper summons on the parties defendant.

CUDAHY, Circuit Judge, concurring:

I concur fully in the cogent majority opinion and agree that *Wartman v. Branch 7, Civil Div. County Court*, 510 F.2d 130 (7th Cir.1975), requires that this case be remanded. I write separately only to emphasize two points.

. First, while I agree that section 1915, 28 U.S.C. § 1915, grants courts the discretion to order partial fees in some circumstances, I am reluctant to embrace partial-fee plans without qualification. They are not necessarily an appropriate feature of a statutory scheme designed to ensure that poor litigants have meaningful access to the federal courts. Some evidence suggests that partial-fee plans have neither significantly reduced the number of prisoner civil rights actions filed nor deterred frivolous claims from being brought. *See generally* T. Willging, *Partial Payment of Filing Fees in Prisoner In Forma Pauperis Cases in Federal Courts: A Preliminary Report* (Federal Judicial Center 1984). If these plans are to be adopted, to ensure fairness and effectiveness I feel strongly that we should follow the approach taken by the Eighth Circuit in *In re Williamson*, 786 F.2d 1336, 1340–41 (8th Cir.1986). That case requires that any partial-fee plan incorporate several features, including: (1) publication of the plan as a local rule or as an en banc opinion; (2) calculation of the fee based on a small and fixed percentage of either the litigant's assets on hand or the income received over a relatively short period of time (with an opportunity for the litigant to contest the accuracy of these calculations); and (3) provisional filing of a complaint to be processed in the ordinary way despite possible delays that might otherwise be caused by the *in forma pauperis* inquiries.

Second, thorny problems of equal protection seem to lurk in circumstances where partial-fee plans are adopted or carried out only with respect to prisoner petitioners and not to non-prisoners who seek *in forma pauperis* status. Such a difference in treatment seems ill-advised, may be unconstitutional and should be carefully examined before a plan is put into effect.