Lorene **SAKOVICH**, Plaintiff,

v.

**CITY OF KANKAKEE, et al.**
**Defendants.**

**No. 90–CV–2049.**

United States District Court,
C.D. Illinois,
Danville Division.

March 23, 1990.

Lorene Sakovich, Bourbonnias, Ill., pro se.

### ORDER

BAKER, Chief Judge.

This is an extraordinary case and a troublesome one. It purports to be an action for damages under the Civil Rights Acts. The case came before the court, on its own motion,[1] for an *ex parte* hearing with the plaintiff, in open court, under the provisions of Fed.R.Civ.P. 16 in an attempt to determine the nature of the plaintiff's claims and the basis for federal jurisdiction. The plaintiff appeared *pro se* and responded to inquiries from the court. A transcript of the colloquy between the court and the plaintiff is filed in the records of the case.

The plaintiff's troubles, according to the documents she filed and the oral statements she made to the court, date back to 1973 when she was first employed by Armstrong Industries in Kankakee. During her employment, which lasted until 1986, she suffered two work-related injuries, one in 1975 and one in 1983. What happened after the 1975 injury is cloudy but certainly the plaintiff filed a worker's compensation claim following the 1983 injury. Her treatment by the Illinois Industrial Commission, the Illinois Courts, and by physicians, dentists and hospitals in the Kankakee area are the focus of the plaintiff's complaint.

The Industrial Commission wrongfully dismissed her claims, the plaintiff says, as did the Illinois Circuit, Appellate and Supreme Courts. The physicians, dentists, and hospitals either refused to give her treatment or else subjected her to procedures which disabled her. The physicians induced partial paralysis of her right side

---

1. The plaintiff paid the $120 filing fee and then sought leave to proceed *in forma pauperis.* She named 37 defendants in her complaint and asked the clerk to issue summonses. The complaint is incomprehensible and states no apparent factual basis for federal jurisdiction. The court ordered the clerk to withhold the issuance of the summonses until the basis for the court's jurisdiction could be pursued with the plaintiff.

and the dentists placed transistors in her bridge work so that "they" could eavesdrop on her conversations. The physicians have also done something to her central nervous system that enables "them" to read her thoughts. "They" and "them", the plaintiff says, are a conspiracy of Kankakee businessmen and the judges of the Illinois courts.

The plaintiff is unable to articulate a specific constitutional deprivation or infringement of a federal right, and the court is unable to discern one. The plaintiff alleges that jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(a)(1)(4), but no facts are set forth which could support that conclusion. A case is frivolous in the legal sense if the plaintiff "can make no rational argument in law or facts to support his or her claim for relief." *Williams v. Faulkner,* 837 F.2d 304, 306 (7th Cir.1988), *aff'd sub nom Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Certainly this case is frivolous. The defendants whom the plaintiff seeks to sue are either judicial officers who were performing judicial functions and are therefore absolutely immune from suit, or private persons associated with the medical arts who do not act under color of state law. Moreover, it is impossible, at least for this court, to divine what constitutional right the plaintiff has lost at the hands of the host of defendants she has named. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) does not help the plaintiff. Based on the circumstances she described, the plaintiff could not prove a set of facts which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

How long must a trial court wait until it can conclude that a suit is frivolous? In prisoner civil rights litigation, the Court of Appeals in this circuit has admonished us that once the lawsuit has commenced and the prisoner has been granted leave to proceed *in forma pauperis,* the court must wait until the defendant is served and has filed an adversarial pleading before deciding whether a cause of action has been stated. *Bryan v. Johnson,* 821 F.2d 455 (7th Cir.1987). That case is bottomed on *Wartman v. Branch 7, Civ.D., Cty.Ct., Milwaukee Cty., Wis.,* 510 F.2d 130 (7th Cir.1985), which dictates that once a complaint is filed, the matter cannot be dismissed until summons has issued. *Wartman,* 510 F.2d at 134.

However, a judge must dismiss an action sua sponte "whenever it appears ... that the court lacks jurisdiction over the subject matter". without requiring the issuance of summonses or undertaking other procedural requirements. *Ricketts v. Midwest Nat. Bank,* 874 F.2d 1177, 1181 (7th Cir.1989); *see also, Franklin v. State of Or., State Welfare Division,* 662 F.2d 1337, 1342–43 (9th Cir 1981). "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). "[T]he federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'" *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974) (citations omitted). Here, the plaintiff's claims are inescapably frivolous, and it appears beyond doubt that the plaintiff could prove no set of facts which would entitle her to relief. The plaintiff was given the opportunity to flesh out her allegations at the Rule 16 conference, but was unable to outline any conceivable federal cause of action.

Should the court allow this patently frivolous claim, driven by the plaintiff's paranoid delusions, to go forward until all thirty-seven defendants are served and have filed an adversarial pleading? Rule 16 of the Federal Rules of Civil Procedure has no time restraints on when the court may summon unrepresented parties to confer about the case to "[expedite] the disposition of the action" or "the formulation and

simplification of the issues, including the elimination of frivolous claims."

Should the court wait and apply sanctions under Fed.R.Civ.P. 11? This plaintiff is unemployed and disabled. There are no realistic economic sanctions the court could impose upon her. She could not pay the attorneys' fees and expenses of the defendants forced into court to defend the case.

The policy behind Fed.R.Civ.P. 16 is that courts should pursue an activist role in case management and control to avoid waste and unnecessary litigation. Nipping this case in the bud would serve that salutary end.

It is therefore ordered that the complaint is dismissed as frivolous and that the court, therefore, lacks subject matter jurisdiction.