936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William R. CUNNINGHAM, Plaintiff-Appellant,
v.
Governor Evan BAYH, and James E. Aiken, Defendants-Appellees.
 Nos. 89-2423, 89-2584.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1991.*
Decided June 27, 1991.
 
 Before BAUER, Chief Circuit Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 William Cunningham appeals the dismissal of two civil rights suits. Cunningham originally attached requests to proceed in forma pauperis to his complaints. The district court judge, noting that Cunningham had received over $100 in his prison account over a six-month period, ordered him to pay partial filing fees of $10 for each suit in order to proceed. Cunningham failed to pay the fees, and his cases were dismissed.
 
 
 2
 In both instances, the court permitted Cunningham to file a statement with the court if he wanted to challenge the partial fee requirement imposed, but Cunningham failed to challenge the requirements by filing a statement. This court granted him leave to appeal in forma pauperis, and he now argues that the district court's actions were unconstitutional. Cunningham claims that it is unfair for the court to require him to pay "10% of [my] past six (6) months state-pay (income) to proceed in forma pauperis in civil proceedings."[1] In addition, he claims that by requiring him to pay the $10 fee on his second suit, the court essentially deprived him of "basic prison amenities, and health care articles." Cunningham claims that the court's actions were retaliatory and that the court was using an unauthorized means to stem the tide of prisoner suits coming to the federal court.
 
 
 3
 This circuit upheld the use of partial filing fee requirements in Lumbert v. Illinois Department of Corrections, 827 F.2d 257 (7th Cir.1987). There, the plaintiff was required to pay a $7.20 fee in order to proceed with his suit. The fee was imposed under a district-wide "General Order" requiring prison inmates to pay partial fees in an amount not to exceed 50% of his or her average monthly income for a six month period. The plaintiff in Lumbert challenged the imposition of this requirement under the notion that "requiring even partial payment by someone who cannot afford to pay the filing fee is an unconstitutional burden on the right of access to the courts." Id. at 259. We rejected this claim, holding that policy considerations supported the imposition of partial fees in order to discourage the filing of frivolous suits. See also Bryan v. Johnson, 821 F.2d 455, 458 (7th Cir.1987) (holding that it was proper for the district court to impose a partial filing fee on the plaintiff).
 
 
 4
 In this case, Cunningham fails to raise any viable constitutional challenges to the action the district court judge took in this case.[2] To the extent that Cunningham challenges the amount of the fee imposed, his claim is without merit. The judge required Cunningham to pay an amount roughly equivalent to 10% of his gross income over a six month period--somewhat higher than the 50% of average monthly income we approved in Lumbert.[3] However, Cunningham was given the opportunity below to contest the amount of the fee and failed to do so. The judge had the discretion to impose fees in this case, Bryan, 821 F.2d at 458, and Cunningham fails to demonstrate that the judge abused his discretion.
 
 
 5
 The imposition of the second $10 fee is a closer case, given the greater impact the cost of the suit would have on Cunningham's now-lower prison account. Again, however, Cunningham was given the opportunity to challenge the amount of the fee but failed to do so below.[4]
 
 
 6
 Cunningham's challenges to the district court's actions in his two cases are rejected, and the district court's decisions in these cases are AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Cunningham claimed in his second appellate brief that the court's order that he pay $10 on his second complaint constituted double jeopardy in that the court was permitted, at most, to require him to pay one $10 fee every six months
 
 
 [2]
 There is no evidence that the court was acting out of anti-prisoner bias, as Cunningham alleges on appeal
 
 
 [3]
 Assuming Cunningham earned $16 per month, the Lumbert analysis would have resulted in a $8 filing fee instead of a $10 fee
 
 
 [4]
 Cunningham does not mount an equal protection challenge. See Bryan, 821 F.2d at 459 (Cudahy, J., concurring) (questioning whether application of the partial filing fee requirement to prisoners, but not to indigent non-prisoners, raises constitutional questions); but cf. Lumbert, 827 F.2d at 259-60 (contending that application of the rule to prisoners is justified because "the costs of a prisoner's time are ... low[er]" compared to other indigents)