977 F.2d 585
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John R. EPPEL, Jr., Plaintiff-Appellant,
v.
John DOE, et al., Defendants-Appellees.
 No. 91-1311.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 21, 1992.*
Decided Oct. 22, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 John R. Eppel, Jr., proceeding pro se, appeals from the district court's dismissal of his civil rights action as frivolous. 28 U.S.C. § 1915(d). After reviewing the record and Eppel's brief, we conclude that the district court acted within its discretion in dismissing Eppel's complaint. Denton v. Hernandez, 112 S.Ct. 1728, 1234 (1992). We therefore affirm the district court's judgment for the reasons stated in the attached order. Acting pursuant to our authority under 28 U.S.C. § 2106, we modify the judgment to reflect that the dismissal of the pendent state law claims under United Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966), is without prejudice. See Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1523-24 n. 7 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984).
 
 
 2
 AFFIRMED AS MODIFIED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 3
 John Eppel, Jr., Plaintiff,
 
 
 4
 vs.
 
 
 5
 John Doe, et al., Defendants.
 
 No. 90-2019
 
 6
 Jan. 07, 1991.
 
 ORDER
 
 7
 The plaintiff, John Eppel, Jr., has initiated this civil rights action under 42 U.S.C. § 1983. Eppel brings this action against his parents and numerous (mostly unnamed) city, county, state and federal law enforcement officials. Eppel claims that the defendants have inflicted various indignities upon him during the course of an ongoing criminal investigation. Eppel raises several state tort claims in addition to the alleged constitutional violations.
 
 
 8
 By Order of March 19, 1990, the court dismissed certain of the plaintiff's claims and directed Eppel to submit a more definite and certain statement regarding his remaining claims. Eppel has complied with that order, and a hearing was held on November 29, 1990, to consider the merit of Eppel's second amended complaint. After reviewing the pleadings and considering Eppel's statements, the court concludes that this action is devoid of merit. Accordingly, Eppel's petition to proceed in forma pauperis will be denied, and the complaint will be dismissed.
 
 
 9
 It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 945 (1972). "[A] district court judge should deny leave to proceed in forma pauperis if an action is frivolous or malicious." Wartman v. Branch 7, Civil Division County Court, Milwaukee County, State of Wisconsin, 510 F.2d 130, 134 (7th Cir.1975), principle reaffirmed in Bryan v. Johnson, 821 F.2d 455, 458 (7th Cir.1987). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." Williams v. Faulkner, 837 F.2d 304, 306 (7th Cir.1988), aff'd sub nom Neitzke v. Williams, --- U.S. ----, 109 S.Ct. 1827, 57 U.S.L.W. 4493 (1989). In the case at bar, the court finds that the plaintiff's claims do not state a colorable cause of action under 42 U.S.C. § 1983.
 
 
 10
 Eppel contends that his parents, the City of Peoria police department, the Peoria County Sheriff's Department, the Illinois State police, and "federal agencies and governmental bodies unknown to Plaintiff" have all participated in a covert investigation of his activities since at least 1987. He claims that the defendants have invaded his privacy, chilled his freedom of speech, religion and association, and denied him due process. Eppel maintains that the conspiracy is intended to "harass, humiliate, and torture" him. However, Eppel has provided no logical, factual basis for his assertion that the defendants have engaged in such a plot.
 
 
 11
 Eppel asserts that the defendants have invaded his privacy by "tailing" him and engaging in undercover surveillance; he further states that his parents have reported his activities to law enforcement officials. Eppel also states "on information and belief" that his phone was tapped and that the defendants disclosed personal information about him to third parties unconnected to law enforcement. There is no objective basis for Eppel's allegations, however.
 
 
 12
 Eppel grounds this lawsuit on his belief that individuals at the various places he lived, worked, worshipped, and had business dealings were undercover officers. Eppel maintains that he "knows" that some fifty people with whom he has had contact were police officers because they acted strangely, appeared to know things about him, or made telling remarks. Eppel admits, however, that he was never harassed by anyone wearing a uniform or badge, and that none of the suspected law enforcement officers ever arrested him or took him to a police department. Eppel further concedes that he had no direct dealings with any of the named law enforcement defendants (other than very limited contact with DCI Director William Doster when Eppel worked temporarily as an office receptionist, and being introduced to U.S. Attorney J. William Roberts at a wedding). There is simply no credible basis for Eppel's assertion that there is, in fact, an ongoing investigation of his activities, or that the individuals with whom Eppel has experienced problems are undercover government officials.
 
 
 13
 The federal courts are without power to entertain claims "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) (citations omitted). "[S]ome particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action under the Civil Rights Act." Jafree v. Barber, 689 F.2d 640, 643 (7th Cir.1982). Allegations must be supported by material facts, not conclusory statements. Id.
 
 
 14
 Here, the plaintiff states no rational basis from which the court could infer that the various individuals at the YMCA, Salvation Army, church, and other sundry locations were actually undercover officers assigned by the defendants. Eppel has had no direct dealings with the named defendants. He apparently has never been arrested or questioned about suspected criminal activities. The occurrences that Eppel describes provide no support for Eppel's personal belief that he has been the subject of intense police scrutiny for several years. Even accepting Eppel's factual allegations as true, no reasonable trier of fact could agree with Eppel's conclusory assertions. The record offers no arguable evidence that the defendants have engaged in a conspiracy to violate Eppel's constitutional rights.
 
 
 15
 In conclusion, the pleadings fail to state a "rational" argument in law or facts to support a cause of action under 42 U.S.C. § 1983. It is plain that Eppel could not prove a set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). Accordingly, Eppel's motion to proceed without prepayment of costs and fees will be denied, and this action will be dismissed. In light of the dismissal of Eppel's federal claims, the state tort claims will be dismissed as well. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966); Freedom From Religion Foundation, Inc. v. Zeilke, 845 F.2d 1463, 1471 n. 4 (7th Cir.1988). Additionally, the plaintiff's motions for appointment of counsel and for change of the case caption will be denied as moot.
 
 
 16
 IT IS THEREFORE ORDERED that the plaintiff's petition for leave to proceed in forma pauperis (docket # 1) is denied.
 
 
 17
 IT IS FURTHER ORDERED that the above-captioned matter is dismissed with prejudice.
 
 
 18
 IT IS FURTHER ORDERED that the plaintiff's motion for appointment of counsel (docket # 21) is denied as moot.
 
 
 19
 IT IS FURTHER ORDERED that the plaintiff's motion for change of case caption (docket # 15) is denied as moot.
 
 Harold A. Baker
 
 20
 HAROLD A. BAKER,
 
 CHIEF U.S. DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record