996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony JONES, Plaintiff-Appellant,
v.
Correctional Officer POOL, Badge # 380, Defendant-Appellee.
 No. 92-2632.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 9, 1993.*
Decided June 16, 1993.
 
 Before BAUER, Chief Judge, and FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Anthony Jones is an inmate in the Illinois prison system who wants to file a civil rights action against a prison official (who, Jones claims, has been reading his legal mail) without prepayment of the $120.00 filing fee. The district court reviewed Jones's trust fund ledger for the six months preceding the filing of his petition to proceed in forma pauperis and determined that Jones was able to pay a partial filing fee of $6.50. The order further provided Jones an opportunity to show cause why he could not make the partial payment. Jones filed nothing and did not pay the $6.50 filing fee, and the district court dismissed the case.
 
 
 2
 We have previously approved the procedure providing for assessment of partial filing fees. Limbert v. Illinois Dept. of Corrections, 827 F.2d 257, 259 (7th Cir.1987); Bryan v. Johnson, 821 F.2d 455, 458 (7th Cir.1987). In a most summary fashion, Jones argues on appeal that the district court wrongly denied him leave to proceed in forma pauperis because the court knew that he did not have $6.50. Jones states that his trust fund account was constantly "in the red ... for being charged to send out legal mail."
 
 
 3
 The State of Illinois provides Jones with life's necessities. The district judge found that Jones received payments totaling $78.00 in the six months preceding the filing of this action. All that the district court has done is to require Jones to contribute a portion of these discretionary funds to pay a fraction of the costs of his suit. The court had the discretion to impose partial fees in this case. That Jones chose to use his money to pursue other litigation and purchase other items, does not show that the judge abused his discretion.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)