12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jacob SAMPSON, Plaintiff-Appellant,
v.
Robert V. BOHARIC, Judge, Ian H. Levin, Judge, Leonard R.
Grazian, Judge, et al., Defendants-Appellees.
 No. 93-1416.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 23, 1993.
Rehearing Denied Dec. 27, 1993.
 
 Before BAUER and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In January 1992, Jacob Sampson instituted a state suit against Allstate Insurance Company alleging that his claims arising from an accident caused by an insured were denied in bad faith. The case was sent to arbitration where all claims against Allstate were dismissed. Distraught by various state judges' alleged failure to follow proper procedures or to enforce discovery rules evenhandedly, Sampson brought claims against them and opposing counsel under 42 U.S.C. Secs. 1981, 1983, 1985(2), 1985(3) and 1986. Because Sampson has failed to state a claim for relief, we affirm.
 
 
 2
 Before any responsive pleadings were filed in this case, the district court held a hearing on a motion for injunction. The court engaged Sampson in a colloquy concerning the doctrine of judicial immunity. Unable to persuade the court that the doctrine is inapplicable to his claims, Sampson requested that his case be dismissed with prejudice so that he could appeal. The district court granted his request and Sampson now appeals.
 
 
 3
 Ordinarily, a plaintiff would have no reason or right to appeal a voluntary dismissal with prejudice because he would have received the relief he requested. See Parker v. Freightliner Corp., 940 F.2d 1019, 1023 (7th Cir.1991). However, it is not clear that the district judge dismissed Sampson's complaint solely because of Sampson's request. The transcript of the hearing reveals that Sampson correctly sensed that his case would be dismissed on the merits and sought to ensure his right to an immediate appeal. He certainly would not have requested dismissal had he known that this court would not have jurisdiction to hear the appeal. For that reason, and because the district court did not determine on what grounds it was dismissing the case, we will review the district order as a dismissal for failure to state a claim under Rule 12(b)(6). Duran v. Elrod, 542 F.2d 998, 999 n. 1 (1976).
 
 
 4
 Sampson claims that the district court's sua sponte assertion of judicial immunity as a grounds for dismissal was improper. However, district courts have an obligation to review jurisdiction as a preliminary matter under the doctrine of substantiality, Ricketts v. Midwest National Bank, 874 F.2d 1177, 1181 (7th Cir.1989), which requires the court to determine whether the allegations are made solely for the purpose of obtaining jurisdiction or are "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 681-83 (1946). Therefore, the court's invocation of the judicial immunity doctrine was proper.
 
 
 5
 Even if a complaint is not dismissed for want of jurisdiction, the court can sua sponte dismiss for failure to state a claim under Rule 12(b)(6). Ricketts, 874 F.2d at 1183. However, the court must first provide notice of the intention to dismiss and afford the plaintiff an opportunity to object. Id. at 1183; Bryan v. Johnson, 821 F.2d 455, 457-58 (7th Cir.1987). In this case, Sampson requested a dismissal, therefore he was not denied any procedural protections. We find that the district court proceeded appropriately under the circumstances.
 
 
 6
 The doctrine of judicial immunity allows judges to freely exercise their duties without fear of harassment from dissatisfied litigants. Pierson v. Ray, 386 U.S. 547, 554 (1967). Judicial immunity provides protection from liability for damages for acts performed in a judicial capacity, but not for ministerial or administrative acts. Forrester v. White, 484 U.S. 219, 227-28 (1988). The acts that Sampson complains of are judicial acts. He claims that the judges caused prejudice to his case when they assigned it to other judges, ordered mandatory arbitration, suppressed key evidence, quashed his subpoena, refused to issue a declaratory judgment, and administered discovery rules without impartiality. Because these acts were performed in the defendants' capacity as judges, Sampson's claim for monetary damages against them is barred by the judicial immunity doctrine.
 
 
 7
 On the other hand, judicial immunity does not apply when injunctive relief is sought. Scruggs v. Moellering, 870 F.2d 376, 378 (7th Cir.), cert. denied, 493 U.S. 956 (1989). To obtain an injunction, Sampson must make a showing of "an inadequate remedy at law and of a serious risk of irreparable harm." Pulliam v. Allen, 466 U.S. 522, 537 (1984). Sampson cannot show that he has an inadequate remedy at law because he has not yet pursued his state court remedies. Therefore, the court properly dismissed his request for an injunction.
 
 
 8
 The only remaining claims are those brought against the defendant attorney Creagh under 42 U.S.C. Secs. 1981, 1982, 1985(2), 1985(3), and 1986. In his brief, Sampson has failed to make an argument or cite any legal authority in support of these claims. Therefore, he has waived these claims on appeal. Salazar v. City of Chicago, 940 F.2d 233, 242-43 (7th Cir.1991); Holzman v. Jaymar-Ruby, Inc., 916 F.2d 1298, 1303 (7th Cir.1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record