43 F.3d 1474
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Romane J. RICKELS, Plaintiff/Appellant,
v.
Marilyn RZESZEWSKI, Defendant/Appellee.
 No. 93-3313.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1994.*
Decided Dec. 19, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Romane J. Rickels appeals the district court's grant of summary judgment to Marilyn Rzeszewski. For the reasons stated by the district court in the attached order, we affirm.
 
 
 2
 Rzeszewski asks us to sanction Rickels for pursuing a frivolous appeal. An appeal is frivolous when "the result is foreordained by the lack of substance to the appellant's arguments." Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989) (en banc). "The standard depends on the work product: neither the lawyer's state of mind nor the preparation behind the appeal matter." Id. Although we reserve the discretion to withhold sanctions, Colosi v. Electri-Flex Co., 965 F.2d 500, 504 (7th Cir.1992), in this case, the substance of the appeal is clearly frivolous and we conclude that sanctions are appropriate. Pursuant to Circuit Rule 38, Rickels shall have 15 days to submit to this Court any reasons why sanctions should not be imposed. Rzeszewski shall submit to this Court, also within 15 days, documentation of its expenses reasonably incurred in defending against this appeal.
 
 
 3
 AFFIRMED.
 
 MEMORANDUM AND ORDER
 
 4
 This cause is before the court on defendant Marilyn Rzeszewski's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff Romane Rickels' motion to submit evidence in response to the motion to dismiss, and Mr. Rickels' motion for leave to file a supplemental pleading. For the following reasons, the defendant's motion must be granted, and the plaintiff's motion must be denied.
 
 
 5
 Mr. Rickels filed this civil rights action pursuant to 42 U.S.C. Sec. 1983 against Ms. Rzeszewski, a county court clerk, alleging that she conspired with the South Bend Police Department to "flood" his environment with suggestive messages and words for the express purpose of manipulating his behavior. Mr. Rickels also claims that Ms. Rzeszewski engaged in mind control and psychological disorientation, and bombarded him with inaudible suggestive messages. Finally, Mr. Rickels alleges that Ms. Rzeszewski failed to send him a copy of a court order in a timely fashion. Mr. Rickels claims that by the time he received a copy of the order, forty percent of the time in which he had to respond to the order had elapsed.
 
 
 6
 Federal Rule of Civil Procedure 12(b)(6) authorises dismissal of complaints that state no actionable claim. The complaint's factual allegations must be taken as true and viewed in the light most favorable to the plaintiff when challenged by a motion to dismiss. Scheuer v. Rhodes, 416 U.S. 232 (1974). Dismissal is appropriate when it appears beyond doubt that the plaintiff can prove no set facts in support of his claim which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69 (1984).
 
 
 7
 Despite the liberality with which Mr. Rickels' pro se complaint must be viewed, Haines v. Kerner, 404 U.S. 519, 521-22 (1972), the court finds that dismissal is proper. Mr. Rickels' allegations that Ms. Raeszewski planted subliminal or inaudible thoughts in his mind must be dismissed as incredible and impossible. See Sakovick v. City of Kankakee, 130 F.R.D. 394 (C.D. Ill. 1990) (court dismissed plaintiff's claims that dentists put transistors in her bridge work so that the dentists could eavesdrop on her conversations, and that physicians had done something to her central nervous system that enabled the doctors to read her thoughts); Savacool v. Federal Aviation Administration, et al., Civ. No. 92-2318, 1992 WL 109016 (E.D. Pa. May 11, 1992) (court dismissed as frivolous the plaintiff's claims that federal government had used various aircraft to "buzz" her as a form of psychological intimidation and harassment); Morrison v. Martin, 755 F.Supp. 683, 686 (E.D.N.C.) ("[t]o the extent that Morrison accuses [the defendants] of placing voices in his head to ask about his court case and emitting constant sound waves, the court takes judicial notice that impossible contentions cannot be true"), aff'd, 917 F.2d 1302) (4th Cir. 1990).
 
 
 8
 Mr. Rickels' allegations that Ms. Raeszewski's failure to send him a court order deprived him of a constitutional right also is without merit. In his response brief, Mr. Rickels indicates that he received the order and had ample time to respond to the order. Mr. Rickels has not alleged any cognizable constitutional right of which he was deprived because of Ms. Rzeszewski's alleged failure to send him the court order in a timely fashion; he merely claims that her failure amounted to more psychological harassment. Because Mr. Rickels has not alleged a violation of his rights, his complaint must be dismissed.
 
 
 9
 Mr. Rickels moves the court to allow him to submit evidence in his response to Ms. Rzeszewski's motion to dismiss. Because the court has assumed that the allegation in Mr. Rickels' complaint are true, his newly submitted evidence adds nothing to the resolution of the dismissal motion. Accordingly, his motion to submit evidence in response to the defendant's motion to dismiss must be denied.'44DP1 Finally, Mr. Rickels moves for leave to file a supplemental pleading, which alleges another instance of "flooding" his environment with suggestive messages and words for the express purpose of manipulating his behavior. For the reasons stated above, the supplemental pleading does not allege a viable cause of action. Accordingly, Mr. Rickels' motion for leave to file a supplemental pleading must be denied.
 
 In conclusion, the court:
 
 10
 (1) GRANTS the defendant's motion to dismiss (filed July 7, 1993);
 
 
 11
 (2) DENIES the plaintiff's motion to submit evidence in response to the motion to dismiss (filed August 2, 1993); and
 
 
 12
 (3) DENIES the plaintiff's motion for leave to file a supplemental pleading (filed August 10, 1993).
 
 
 13
 SO ORDERED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record