43 F.3d 1182
 Bonnie McCASLIN, Appellant,
v.
FIRST NATIONAL BANK, OF YORK-MAIN BRANCH; Kevin Henderson,
Officer of the Bank; Dale Adams, Officer of the Bank;
Housing Authority, of the City of York; Robert Sylvester,
Administrator of the Housing Authority of the City of York;
Kerri Naber, Administrative Assistant of the Housing
Authority of the City of York; John Doe, in their official
and individual capacity, Appellees.
Bonnie McCASLIN, Appellant,
v.
FILLMORE COUNTY; William L. Burgess, Sheriff of Fillmore
County; John Doe, in their official and
individual capacity, Appellees.
Bonnie McCASLIN, Appellant,
v.
CITY OF HENDERSON, Nebraska; County of York, Nebraska;
Dale Radcliff, Deputy Sheriff of York County; Ted Perry,
Former Chief of Police of Henderson, Nebraska, in their
official and individual capacities, Appellees.
Bonnie McCASLIN, Appellant,
v.
John DOE; Fillmore County; William L. Burgess, Sheriff of
Fillmore County; Robert Higel, City Commissioner of Geneva,
NE; City of Geneva Water Dept.; Fillmore County
Development Co.; Alfred Andrews, Pres. of Fillmore County
Development Co.; Lichti Brothers Oil Co., Inc.; Lawrence
Lichti, Owner of Lichti Bros. Oil Co.; Tim Lichti, Employee
of Lichti Bros. Oil Co., Inc., in their official and
individual capacity, Appellees.
Bonnie McCASLIN, Appellant,
v.
U.S. POST OFFICE; Postmaster General; Hastings Post
Office; Leroy Lang, Employee of Hastings Post
Office; John Doe, in their official and
individual capacity, Appellees.
 Nos. 93-2624, 93-2625, 93-2627, 94-2630 and 93-2631.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1994.
Decided Dec. 22, 1994.
 
 Bonnie McCaslin, pro se.
 Appellees were not represented by counsel.
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 These five consolidated appeals come before us following the district court's dismissal of each case without prejudice for failure to pay a partial filing fee imposed under 28 U.S.C. Sec. 1915(d). For the reasons discussed below, we reverse and remand for further proceedings.
 
 
 2
 On January 4, 1993, Bonnie McCaslin, then a Nebraska inmate, filed nineteen actions simultaneously in the district court, along with applications to proceed in forma pauperis (IFP). The magistrate judge initially denied McCaslin's IFP applications based on her institutional trust account balance. McCaslin contested the magistrate judge's account balance findings and submitted her trust account statements. Upon reconsideration, the magistrate judge ordered McCaslin to pay $53.75 by May 20, 1993, based on a six-month average trust account balance of $215.51. McCaslin again sought reconsideration to allow her to pay $53.75 for all nineteen cases, rather than $53.75 for each case. On February 8, 1993, the magistrate judge denied her motion to reconsider.
 
 
 3
 The magistrate judge then reviewed each of these five cases, and noted several substantive deficiencies in the complaints. The magistrate judge granted McCaslin leave to file amended complaints to cure the deficiencies or risk dismissal, and deferred consideration on McCaslin's motions for appointment of counsel until after her amended complaints were filed, because "plaintiff has not yet met her burden of showing that [each] case is not frivolous." McCaslin subsequently filed amended complaints in each case. On May 28, 1993, the district court sua sponte dismissed without prejudice the five cases for failure to pay the partial filing fee. The district court granted McCaslin leave to proceed IFP on appeal.
 
 
 4
 We have expressly stated that "the magistrate or district court judge should determine whether plaintiffs may proceed in forma pauperis in terms of whether the complaint was frivolous and warranted dismissal before ordering the plaintiffs to pay a partial filing fee." In re Funkhouser, 873 F.2d 1076, 1077 (8th Cir.1989) (per curiam) (citing Bryan v. Johnson, 821 F.2d 455, 458 (7th Cir.1987)). We further stated that "[t]o require plaintiffs to first pay the fee and then later dismiss the case as frivolous is not contemplated by the Federal Rules of Procedure." Id. The decision to dismiss for failure to pay the partial filing fee occurred here before the determination was made as to whether each case was frivolous under section 1915(d).
 
 
 5
 Accordingly, we remand these cases to the district court with instructions to consider McCaslin's amended complaints for frivolousness under section 1915(d). For those claims found not to be frivolous, we leave to the district court's discretion whether to reconsider the amount of the partial filing fee, in light of McCaslin's current financial circumstances. See In re Williamson, 786 F.2d 1336, 1340-41 (8th Cir.1986).