24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael COOPER, Plaintiff-Appellant,
v.
Manfred F. MAASS, for Oregon State Penitentiary; Harvey
Suwol; Bob Wallace; C. Schnoor; Nicholas
Armenikas, Defendants-Appellees.
 No. 93-35669.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Michael Cooper, a prisoner of the state of Oregon, appeals pro se the dismissal of his 42 U.S.C. Sec. 1983 action against various prison officials. We reverse and remand.
 
 I.
 
 3
 On March 31, 1993, Cooper filed suit against certain officials of the Oregon State Penitentiary. Cooper alleged that defendants filed a false misconduct report and spread false rumors about him, resulting in his removal from the presidency of a prison activities club and a one-year suspension from other prison activities. Cooper also claimed that these rumors created conflict between him and his fellow prisoners, thereby placing his life in jeopardy. Finally, he alleged that defendants sought to remove him from prison activities as part of a conspiracy to exclude African-Americans from such activities.
 
 
 4
 Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Cooper did not contest this motion. The district court granted defendants' motion on June 10, 1993, and entered judgment dismissing the action. On June 11, 1993, Cooper filed a motion for extension of time, arguing that legal materials had been confiscated from his cell. The district court denied Cooper's motion as moot. Cooper timely appeals.
 
 II.
 
 5
 We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Dismissal without leave to amend is also reviewed de novo. Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir.1991). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989).
 
 
 6
 The district court's dismissal of Cooper's complaint was entirely proper. "[D]amage to reputation, standing alone, cannot state a claim for relief under section 1983." Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986). Likewise, Cooper's participation in prison activities does not constitute a protectible interest under section 1983. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985).[1] Cooper's allegations of racial conspiracy "are conclusional and unsupported by any facts as to how race entered into any decisions." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984).
 
 
 7
 Nor do Cooper's conclusory allegations of threats to his safety suffice to state a claim. Cooper did not allege that any of the individual defendants acted with deliberate indifference to his safety. Indeed, he alleged that certain defendants acted to protect him from his fellow inmates by removing him from prison activities.
 
 
 8
 Dismissal of the underlying action, however, is another matter. "Although [plaintiff's] allegations are conclusory, he may be able to amend his complaint to allege facts showing that prison officials acted with 'deliberate indifference' to his physical safety ..., or that the officials violated [his] substantive due process liberty interest in being secure in his person against assault." Noll v. Carlson, 809 F.2d 1446, 1449 n. 4 (9th Cir.1987); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989) (prisoner, who alleges that prison officials conspired to spread false rumor among inmates that prisoner was an informant, may state claim under section 1983). Further, the district court dismissed Cooper's suit before he had been given even one chance to amend his complaint. "It may appear that [plaintiff's] claims are frivolous ..., but our cases require at least one opportunity to amend a complaint." Butler v. Leen, 4 F.3d 772, 773 (9th Cir.1993).
 
 
 9
 On appeal, Cooper raises several new allegations of section 1983 violations by prison officials. Specifically, he alleges that the officials: (1) told other inmates Cooper was an informant, (2) sought to retaliate against Cooper for pursuing this lawsuit, and (3) confiscated or withheld legal materials in order to prevent him from litigating the suit. We express no opinion as to these claims, which have not yet been considered by the district court. Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir.1963). Indeed, we express no opinion as to the ultimate merit of Cooper's original claims. We hold only that he should have been given leave to amend those claims.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Oregon Administrative Rule 291-105-028(12)(a) provides that if a hearings officer investigates a misconduct report and finds no violation, the prisoner "will be restored to the same status and privileges as before [he] was charged." Cooper contends that this gives him a property interest in returning to prison activities after being cleared of the allegedly misconduct report. However, the administrative rule does not require the restoration of privileges if the hearings officer dismisses the misconduct report, as opposed to investigating the report and finding no violation. See Or.Admin.R. 291-105-028(12)(a), (c). Cooper's brief is ambiguous as to whether the hearings officer dismissed the report or found no violation; however, the addendum to his brief on appeal shows that the report was merely dismissed. As a result, Cooper's contention lacks merit