78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim BLANDINO, Plaintiff-Appellant,
v.
Nancy LINDLER; Frankie Sue Del Papa; Jeffrey Sobel, Judge;
William Maupin, Judge; Rex Bell; Michael
Davidson; Myers Andrew, Defendants-Appellees.
 No. 95-15557.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kim Blandino, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against the mother of his children, her attorneys, and state judges, prosecutors and law enforcement personnel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In his complaint, Blandino challenged his state criminal prosecution under Nev.Rev.Stat. § 200.359(2) for removing his two minor children from the lawful custody of their mother. He also sought review of state child custody and support orders. Blandino requested damages, declaratory relief and an injunction prohibiting the defendants from interfering with his parental rights.
 
 
 4
 Although the district court improperly dismissed Blandino's complaint pursuant to 28 U.S.C. § 1915(d) after he paid the filing fee, see Butler v. Leen, 4 F.3d 772, 773 (9th Cir.1993), we may affirm on any basis fairly supported by the record, see Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). We construe the dismissal as pursuant to Fed.R.Civ.P. 12(b)(6) because the summons and complaint were served prior to dismissal. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 We agree with the district court that Blandino's claims are grounded in his frivolous contention that the defendants unlawfully interfered with his ownership interest in his children and their mother. Moreover, the district court lacked subject matter jurisdiction over his challenges to state court child custody and support determinations, see Branson v. Nott, 62 F.3d 287, 291 (9th Cir.1995), and his requests for declaratory and injunctive relief regarding his marital and parental rights, see Ankenbrandt v. Richards, 112 S.Ct. 2206, 2215 (1992). His claims regarding his criminal prosecution are barred because a judgment in his favor would "necessarily imply the invalidity of his conviction" and his conviction has not been invalidated.[1] See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 6
 We reject Blandino's unfounded allegations of judicial bias. See United States v. Chischilly, 30 F.3d 1144, 1149 (9th Cir.1994).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. All pending motions are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blandino's request for an injunction prohibiting his criminal prosecution under NRS § 200.359(2) is moot because he has been convicted