**Oliver GRISSOM, Plaintiff–Appellant,**

v.

**Lewis SCOTT, Defendant–Appellee.**

**No. 90–4754.**

United States Court of Appeals, Fifth Circuit.

June 28, 1991.

Oliver Grissom, pro se.

Before REYNALDO G. GARZA, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

Appellant Oliver Grissom, an inmate at the Louisiana State Penitentiary, filed this § 1983 action against his former defense attorney, Lewis Scott. Grissom sought *in forma pauperis* status. The magistrate determined that Grissom had enough money to pay a partial filing fee of $55 and ordered that he do so to pursue his case. Grissom paid the partial fee.

■ In his complaint, Grissom alleged that Scott conspired with the State to deny him due process by refusing to provide a copy of the trial record. The magistrate ruled that Grissom's complaint was insufficient, but allowed him an opportunity to specify the nature of his claim. Grissom filed a statement in response. The magistrate then recommended dismissal under 28 U.S.C. § 1915(d). The district court accepted the recommendation and dismissed the complaint. This is Grissom's appeal. He contends that the district court may not dismiss his suit under section 1915(d) after he has followed the court's order and paid a partial filing fee. We agree.

■ Federal Rule of Civil Procedure 4(a) requires that a summons issue when a complaint is filed.[1] A complaint is considered filed when the filing fee (if one is required) is paid. *Herrick v. Collins*, 914 F.2d 228, 230 (11th Cir.1990); *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir.1987).

> Section 1915(d)'s policy of curbing frivolous or malicious litigation requires no different result when a plaintiff proceeding *in forma pauperis* has paid a partial filing fee. That policy is adequately served if the district court, when it initially considers the plaintiff's motion to proceed *in forma pauperis*, makes its determination that the complaint is frivolous and dismisses the complaint at that time. And if the district court permits the complaint to be filed upon payment ·of a partial fee, the litigant's choice to pay that amount out of his limited assets

indicates that, at the least, the litigant believes in his claim.

*Herrick*, 914 F.2d at 230.

We therefore adopt the rule that has been adopted by the Eleventh, Seventh, and Eighth Circuits: when a district court allows a litigant to proceed upon the payment of a partial filing fee, the court should treat the complaint in the same manner as a complaint that was not filed *in forma pauperis.· Id.; In re Funkhouser*, 873 F.2d 1076, 1077 (8th Cir.1989); *Bryan*, 821 F.2d at 458.

Requiring the issuance of a summons when the court has granted an *in forma pauperis* motion and required payment of a partial filing fee avoids a conflict between section 1915 and Federal Rule of Civil Procedure 4(a) yet maintains section 1915(d)'s policy of curbing frivolous litigation by plaintiffs who proceed *in forma pauperis*. *Herrick*, 914 F.2d at 230. In this case, following the amendment of Grissom's complaint under Federal Rule of Civil Procedure 15(a), the district court could have determined whether the suit was frivolous. If it found that the suit was frivolous, it should have dismissed it without requiring the filing of a partial fee.

For the foregoing reasons, we vacate the district court's order to dismiss and remand the matter to the district court so that it can reinstate the action and direct the issuance of a summons to the defendant.

We express no opinion on the merits of the plaintiff's claim.

**VACATED AND REMANDED.**

---

1. The rule provides: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint."