**Autry L. CLARK, Plaintiff–Appellant,**

v.

**OCEAN BRAND TUNA; Ocean King, Inc., Defendants–Appellees.**

**No. 91–3871.**

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 7, 1992.

Decided Sept. 8, 1992.

Autry L. Clark (briefed), pro se.

Before: GUY and RYAN, Circuit Judges, and HULL, Chief District Judge.*

PER CURIAM.

 The plaintiff appeals from an order of the district court dismissing as frivolous his action against the manufacturer of an allegedly mislabelled product. We find that the district court erred by *sua sponte*

* Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee,

dismissing the action as a frivolous *in forma pauperis* lawsuit under 28 U.S.C. § 1915(d) after requiring the plaintiff to pay a partial filing fee. Accordingly, we reverse and remand.

## I.

The plaintiff, Autry Clark, is an inmate in an Ohio prison. Clark alleges that he purchased four cans, labelled "Ocean Brand Tuna," from the prison commissary in June 1991. Clark claims that the cans actually contained cat food, not tuna for human consumption, and that he was ill for several days after eating the contents of the cans.

Clark filed this action against Ocean Brand Tuna and Ocean King, Inc., on August 8, 1991. Clark claimed that the defendants wrongfully sold cat food as tuna fit for human consumption and that they mislabelled their cans. He alleged that the defendants' conduct violated the Eighth Amendment to the United States Constitution; the Fair Packaging and Labeling Act, 15 U.S.C. §§ 1451–1461; and unspecified state laws.

The district court granted Clark *in forma pauperis* status but required him to pay a $55 partial filing fee. Clark paid the fee on August 8.

Three weeks later, the court *sua sponte* dismissed Clark's action as a frivolous *in forma pauperis* lawsuit, pursuant to 28 U.S.C. § 1915(d). The court first found that it had jurisdiction because the parties are diverse. The court then held that: (1) private parties could not violate Clark's Eighth Amendment rights; (2) the Fair Packaging and Labeling Act does not provide Clark with a private right of action; and (3) Clark's state law claim apparently referred to the Ohio Pure Food and Drug Law, Ohio Rev.Code §§ 3715.01–3715.99, which also does not provide a private right of action. Summonses were never issued to the defendants.

sitting by designation.

Clark then filed this appeal. Since the district court certified that any appeal taken from its decision would be frivolous, we initially denied Clark's petition for *in forma pauperis* status on appeal. *See* 28 U.S.C. § 1915(a). On rehearing, we granted Clark's motion to proceed *in forma pauperis*.

## II.

Clark argues that the district court erred by dismissing his action as a frivolous *in forma pauperis* action after requiring him to pay a partial filing fee. He maintains that the district court should have issued summonses and allowed him to amend his complaint so that he could have specified that his state law claim sounded in products liability.

At least four circuits have held that a district court may not *sua sponte* dismiss an action as a frivolous *in forma pauperis* action after the plaintiff has paid a partial filing fee. *Grissom v. Scott*, 934 F.2d 656, 657 (5th Cir.1991); *Herrick v. Collins*, 914 F.2d 228, 230 (11th Cir.1990); *In re Funkhouser*, 873 F.2d 1076, 1077 (8th Cir.1989); *Bryan v. Johnson*, 821 F.2d 455, 458 (7th Cir.1987). These courts all agree that "[t]o require plaintiffs to first pay the fee and then later dismiss the case as frivolous is not contemplated by the Federal Rules of Procedure." *Funkhouser*, 873 F.2d at 1077 (footnote omitted).

These courts reached that result by observing that a plaintiff's complaint is considered to be filed as soon as the plaintiff pays a filing fee and that Fed.R.Civ.P. 4(a) requires that summonses must then issue forthwith. *Grissom*, 934 F.2d at 657; *Bryan*, 821 F.2d at 457. At that point, Fed.R.Civ.P. 15(a) requires that the plaintiff be given an opportunity to amend his complaint before the court dismisses the action *sua sponte*. *Grissom*, 934 F.2d at 657; *Herrick*, 914 F.2d at 230. In other words, "upon payment of the partial fee the district court should have treated [the plaintiff's] complaint in the same manner as a complaint that was not filed *in forma pauperis*." *Bryan*, 821 F.2d at 458.

■ We agree with this reasoning. Accordingly, we hold that when a court has required a plaintiff to pay a partial filing fee, the court must issue summonses and allow the plaintiff to amend the complaint before dismissing the action.

■ Finally, we observe that this result does not prevent a district court from quickly disposing of frivolous or malicious *in forma pauperis* complaints. If a court determines that an *in forma pauperis* action is frivolous or malicious, it may *sua sponte* dismiss the action without requiring the plaintiff to pay a filing fee. *Grissom*, 934 F.2d at 657; *Herrick*, 914 F.2d at 230; *Funkhouser*, 873 F.2d at 1077; *Bryan*, 821 F.2d at 458. However, once the court demands payment of a partial filing fee, it may not dismiss without issuing the summonses and allowing the plaintiff to amend the complaint.

Accordingly, we find that the district court erred by failing to issue summonses after Clark paid the $55 partial filing fee and by dismissing the action without allowing Clark to amend his complaint. Therefore, we REVERSE the dismissal of Clark's action and REMAND to the district court for further proceedings consistent with this opinion.