Robert Burdett BUTLER,
Plaintiff–Appellant,

v.

Peggy LEEN, Individually and in her capacity as Public Defender; Julie Goldman–Wilson, in her capacity as Representative of Goldman Estate; The Estate of Paul S. Goldman, Defendants–Appellees.

No. 93–15362.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 1993 *.

Decided Sept. 7, 1993.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Robert B. Butler, pro per.

No appearance for defendant-appellee.

Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.

PER CURIAM:

Robert Burdett Butler appeals *pro se* the order dismissing with prejudice his 42 U.S.C. § 1983 action for damages and injunctive relief from a claim of a conspiracy between his defense counsel and the judge in his state court trial. We reverse.

Butler's complaint alleged that his public defender and the state trial judge conspired to deny him his right to effective assistance of counsel during his criminal trial. After granting Butler leave to proceed *in forma pauperis,* but requiring him to pay a partial filing fee, the district court *sua sponte* dismissed the action before service of process as frivolous under 28 U.S.C. § 1915(d).

Butler does not raise the question whether his partial payment of the filing fee precluded the district court from dismissing his action before service of process. We consider the issue *sua sponte,* however, because it is a pure question of law and the opposing parties will not be prejudiced.

Each circuit that has considered this issue has held that a district court may not *sua sponte* dismiss an action as frivolous under section 1915(d) after the plaintiff has paid a partial filing fee. *Clark v. Ocean Brand Tuna,* 974 F.2d 48, 50 (6th Cir.1992); *Grissom v. Scott,* 934 F.2d 656, 657 (5th Cir.1991); *Herrick v. Collins,* 914 F.2d 228, 230 (11th Cir.1990); *In re Funkhouser,* 873 F.2d 1076, 1077 (8th Cir.1989); *Bryan v. Johnson,* 821 F.2d 455, 458 (7th Cir.1987). These courts have reasoned that the dismissal of an action as frivolous after the plaintiff has paid a portion of the filing fee is inconsistent with Federal Rules of Civil Procedure 4(a) and 15(a). *See e.g. Clark,* 974 F.2d at 50. We agree and conclude that the district court should not have dismissed this action before service of process.

We hold only that the district court should not have dismissed the entire action with prejudice before service of process. The plaintiff's claims against Judge Goldman obviously will have to be dismissed at some point, because Judge Goldman is absolutely immune from an action for money damages under section 1983. *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978).

On remand, the plaintiff should be granted leave to amend his claims against Leen if he wishes to do so. It may appear that these claims are frivolous as well, but our cases require at least one opportunity to amend a complaint. Public defenders are state actors under section 1983. If the complaint sets forth facts showing that the public defender conspired with state officials to deprive the plaintiff of his or her civil rights, a further proceeding would be necessary to determine whether the case could proceed. *Tower v. Glover,* 467 U.S. 914, 923, 104 S.Ct. 2820, 2825, 81 L.Ed.2d 758 (1984).

We express no opinion on the merits of Butler's purported claim.

Reversed and remanded.