23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James E. LINDSEY, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS, Director; Lynn Green, Deputy Director,
Bureau of Health Care, Michigan Department of Corrections,
in their official capacities; Gregory Naylor, M.D., Medical
Director, Lakeland Correctional Facility, individually and
in his official capacity, Defendants-Appellees.
 No. 93-2290.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: GUY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 James E. Lindsey moves for counsel on appeal from a district court award of summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Lindsey has also filed a motion for a remand. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lindsey initiated this civil rights action against the Director of the Michigan Department of Corrections, the Deputy Director of the Bureau of Health Care, and a former Medical Director of Health Services at the Lakeland Correctional Facility (LCF), alleging that he did not receive adequate medical treatment. Lindsey is a 70 year old prisoner diagnosed with peripheral vertigo and pretibial edema. His specific claims are that the defendants failed to provide, or caused delays in providing, appropriate medical care, that they failed to fill medical vacancies, and that they failed to provide 24-hour on-site physician coverage at LCF. Lindsey sought monetary and injunctive relief against the defendants in their individual and official capacities. The district court granted the defendants' motion for summary judgment in an opinion and judgment filed September 17, 1993.
 
 
 3
 On appeal, Lindsey reasserts his claims. He also challenges the district court's July 9, 1993, order granting the defendant's motion for a protective order staying discovery.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The gravamen of Lindsey's complaint essentially is that he is dissatisfied with the adequacy of his treatment. Because defendant Naylor examined Lindsey extensively, Lindsey was not denied medical care. Where a plaintiff has received some medical attention, this court will not second-guess the judgment of medical professionals. Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Even if defendant Naylor was incorrect as to the proper course of treatment, his failure to make a correct assessment of treatment is at most negligent. Such medical malpractice does not state an Eighth Amendment claim. See Estelle v. Gamble, 429 U.S. 97, 106-07 (1976). Therefore, as to the claims asserted against defendant Naylor, there was no deliberate indifference to a serious medical need. Id. at 104.
 
 
 5
 The district court properly granted summary judgment on Lindsey's claims against defendants Green and McGinnis. A supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982). At best, Lindsey has merely claimed that these defendants were aware of the inadequate medical staffing at LCF since May and June 1992, but did not take appropriate action to cure the problem. This is insufficient to impose liability on supervisory personnel under Sec. 1983. Id. Moreover, contrary to Lindsey's claim, the evidence demonstrates that these defendants did investigate the medical staffing procedures at LCF to determine if Lindsey's complaints were valid and if something could be done. Additionally, Lindsey's reliance on United States v. Michigan, 680 F.Supp. 928 (W.D.Mich.1987), is misplaced. The court in that case did not order the facilities involved or LCF to provide 24-hour on-site physician services.
 
 
 6
 Finally, Lindsey's reliance on Clark v. Ocean Brand Tuna, 974 F.2d 48 (6th Cir.1992), in support of his challenge to the district court's July 9, 1993, order granting the defendant's motion for a protective order staying discovery, is misplaced. Clark does not apply to the instant case because Lindsey's civil rights action was dismissed pursuant to Fed.R.Civ.P. 56(c) rather than 28 U.S.C. Sec. 1915(d).
 
 
 7
 Accordingly, the motions for the appointment of counsel and for a remand are denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.