Jerry D. **HUGHES,** Plaintiff–Appellant,

v.

**CITY OF ALBANY,** Defendant–Appellee.

No. 814, Docket 95–2286.

United States Court of Appeals,
Second Circuit.

Argued Jan. 10, 1996.

Decided Jan. 31, 1996.

Brian C. Dunning, Coudert Brothers, New York City (Douglas F. Broder, New York, New York, on the brief), for plaintiff-appellant.

Thomas K. Murphy, Assistant Corporation Counsel, City of Albany, Department of Law, Albany, New York, for defendant-appellee.

Before: VAN GRAAFEILAND, MINER, CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

Plaintiff-appellant Jerry D. Hughes appeals from a May 2, 1995, judgment of the United States District Court for the Northern District of New York (Con. G. Cholakis, *Judge*), denying Hughes leave to proceed with his action *in forma pauperis* and dismissing the action *sua sponte* as frivolous under 28 U.S.C. § 1915(d).

## I. FACTS

Hughes, a prisoner proceeding *pro se*, initiated this action under 42 U.S.C. § 1983 on April 21, 1995. On that date, he filed a "Form To Be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act" in the Northern District alleging that the District Attorney "fail[ed] to supervise or train [the] Assistant District Attorney" who opposed Hughes's appeal from his 1984 conviction for arson by failing to instruct him "not to commit perjury or to show deliberate indifference when filing records with the Appellate Court." He also complained that his statutory and constitutional rights were violated by the District Attorney's failure to provide records to the Appellate Division to "substantiate [the] authenticity of a supposedly electronically enhance[d] tape."

On April 21, 1995, Hughes also filed an "Application To Proceed *In Forma Pauperis*." Pursuant to Northern District Local Rule 5.4, he attached statements reflecting the daily and monthly balances in his prison trust account for the three months prior to his *in forma pauperis* application. Under the formula set forth in Local Rule 5.4, Hughes was required to pay a partial filing fee equal to ten percent of the average deposits to his account ($7.56). Hughes paid the partial fee and his complaint was docketed in the normal course. The court did not issue a summons at that time.

On May 2, 1995, the district court issued an order denying Hughes's application to proceed *in forma pauperis* and dismissing his action under 28 U.S.C. § 1915(d). The court found Hughes's action to be barred by the statute of limitations, and further noted that Hughes had previously filed a civil rights action in the Northern District based on the same facts that was dismissed on October 23, 1992, and affirmed on appeal. Although the court acknowledged that Hughes had paid the partial filing fee, it stated that the action was without an arguable basis in law, and therefore frivolous under § 1915(d).

On June 22, 1995, we granted Hughes's application to proceed on appeal *in forma pauperis* and appointed counsel to represent Hughes on the question of whether a district court may dismiss an action *sua sponte* as frivolous under 28 U.S.C. § 1915(d) once the plaintiff has paid a partial filing fee.

## II. DISCUSSION

■ Under 28 U.S.C. § 1915(d) the district court must review a plaintiff's application to proceed *in forma pauperis* and "may dismiss the case [*sua sponte* ] if the allegation of poverty is untrue, or if satisfied that

the action is frivolous or malicious." *Id.* The practice of dismissing complaints filed by plaintiffs seeking *in forma pauperis* status under § 1915(d) "is meant to replace the role played by court costs and filing fees in deterring frivolous complaints." *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam).

The District Court for the Northern District of New York has adopted Local Rule 5.4, which sets forth the following procedures for prisoners seeking leave to proceed *in forma pauperis:*

> (a) On receipt of a complaint ... and an application to proceed in forma pauperis, and supporting documentation as required for prisoner litigants, the clerk shall promptly file the complaint or petition without the payment of fees and assign the action.... The complaint, application, and supporting documentation then shall be forwarded to the assigned magistrate judge for a determination of whether the applicant will be granted leave to proceed in forma pauperis and whether the complaint ... shall be served by the marshal. Prior to service of process by the marshal ... the court shall review all actions filed pursuant to 28 U.S.C. § 1915 to determine whether sua sponte dismissal is appropriate.

> (b) Whenever a ... prisoner submits for filing a civil rights complaint ... and requests leave to proceed in forma pauperis, the prisoner shall also submit a certified copy of the prisoner's trust fund account statement for the three month [period directly] preceding submission of the complaint or petition....

> ....

> 3. A partial filing fee shall be required by the court and submitted by the plaintiff in an amount equal to ten percent (10%) of the average monthly deposits to the prisoner's account for the three months prior to the filing of the complaint.

We have previously held that the partial filing fee requirement for prisoner-plaintiffs seeking *in forma pauperis* status is an appropriate exercise of courts' authority under 28 U.S.C. § 1915: "The discretion to waive prepayment of filing fees, conferred upon district judges by Section 1915, need not be exercised on an all-or-nothing basis. The power to waive the entire fee includes the power to waive a portion of it." *In re Epps,* 888 F.2d 964, 967 (2d Cir.1989).

Hughes argues that while it may be permissible to require an *in forma pauperis* plaintiff to pay a partial filing fee, the district court may not dismiss that plaintiff's complaint *sua sponte* under § 1915(d) once the partial fee has been paid. According to Hughes, a plaintiff who pays a partial fee must be treated as a full fee-paying plaintiff—that is, in the normal course, the court must issue a summons to be served upon the defendant in accordance with Federal Rule of Civil Procedure 4(b),[1] and the plaintiff must have the opportunity to amend his complaint under Rule 15.[2] Hughes contends that our description in *Epps* of the policy underlying § 1915 and the partial fee requirement supports his argument that an indigent plaintiff who pays a partial filing fee is, in all respects, in the position of a full fee-paying plaintiff.

In *Epps,* we held that the partial fee requirement is intended to deter *pro se* prisoners from filing frivolous lawsuits. By requiring a prisoner "to make a discrete choice between the lawsuit and a small purchase" in spending his limited funds, the partial fee policy requires an indigent prisoner-plaintiff to "think twice" before filing suit. *Epps,* 888 F.2d at 968 (quotation marks omitted). Thus, the requirement that the prisoner pay a partial fee is an *alternative* to dismissal under § 1915(d) to deter the filing of frivolous complaints. *See Nance,* 912 F.2d at 606.

Six other circuits have considered this question, and all have held that "upon payment of the partial fee the district court should ... treat[ ] [the plaintiff's] complaint

---

**1.** "Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R.Civ.P. 4(b). Pursuant to Local Rule 5.4(a), *supra,* the marshal serves summonses in *in forma pauperis* suits.

**2.** "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a).

in the same manner as a complaint that was not filed *in forma pauperis.*" *Bryan v. Johnson,* 821 F.2d 455, 458 (7th Cir.1987); *see Grissom v. Scott,* 934 F.2d 656, 657 (5th Cir.1991) (per curiam) ("[W]hen a district court allows a litigant to proceed upon the payment of a partial filing fee, the court should treat the complaint in the same manner as a complaint that was not filed *in forma pauperis.*"); *Clark v. Ocean Brand Tuna,* 974 F.2d 48, 50 (6th Cir.1992) (per curiam) ("[A] district court may not *sua sponte* dismiss an action as a frivolous *in forma pauperis* action after the plaintiff has paid a partial filing fee."); *In re Funkhouser,* 873 F.2d 1076, 1077 (8th Cir.1989) (per curiam) ("To require plaintiffs to first pay the [partial] fee and then later dismiss the case as frivolous is not contemplated by the Federal Rules of Procedure."); *Butler v. Leen,* 4 F.3d 772, 773 (9th Cir.1993) (per curiam) ("[T]he dismissal of an action as frivolous after the plaintiff has paid a portion of the filing fee is inconsistent with [the] Federal Rules of Civil Procedure...."); *Herrick v. Collins,* 914 F.2d 228, 230 (11th Cir.1990) (per curiam) (Complaint by prisoner who pays partial filing fee should be treated "in the same manner as a complaint that was not filed *in forma pauperis.*") (internal quotations marks omitted). These courts reason that after paying a partial fee, a plaintiff has "filed" his complaint for purposes of Rule 4 of the Federal Rules of Civil Procedure and is therefore entitled to have a summons issued before the district court can dismiss his complaint. *See, e.g., Butler,* 4 F.3d at 773; *Clark,* 974 F.2d at 50; *Grissom,* 934 F.2d at 657; *Herrick,* 914 F.2d at 230; *Bryan,* 821 F.2d at 457. Furthermore, under Rule 15, he must also be permitted to amend his complaint—if necessary—to cure any defects before dismissal. *See Butler,* 4 F.3d at 773; *Clark,* 974 F.2d at 50; *Grissom,* 934 F.2d at 657; *Herrick,* 914 F.2d at 230.

■ We find this reasoning to be persuasive. Our opinion in *Epps* underscores the purpose of the partial fee as a deterrent. *Epps,* 888 F.2d at 968. If the partial fee is a deterrent in itself, then the *in forma pauperis* plaintiff should be treated as a full fee-paying plaintiff. Accordingly, his suit cannot be dismissed under § 1915(d). Once the partial fee has been paid, the prisoner's complaint should be considered filed for the purposes of the Federal Rules. In the instant case, Hughes paid his partial filing fee of $7.56 when he submitted his complaint and his application to proceed *in forma pauperis* on April 21, 1995. Upon payment of that fee, his complaint was filed and he was entitled to the issuance of a summons and the opportunity to amend his complaint, as required by Rules 4(b) and 15(a). He received neither, and on May 2, 1995, the court dismissed his complaint for frivolousness under § 1915(d). Because we find that there can be no dismissal for frivolousness under § 1915(d) after the partial filing fee is paid, we reverse the district court's dismissal of Hughes's suit.

In so holding, we offer no opinion on the merit of Hughes's claim, which—in light of the issues identified by the district court—is dubious at best. Furthermore, at oral argument, serious questions were raised as to whether the City of Albany was the appropriate defendant in this suit, which is based on actions taken by the District Attorney of Albany County. We find only that once Hughes paid the partial fee, his complaint should have been treated, in the normal course, as that of a full fee-paying plaintiff. *Cf. Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir.1984) (holding that, where plaintiff has paid filing fee, *sua sponte* dismissal of suit prior to service of process and opportunity to amend is improper unless court lacks subject matter jurisdiction.)

■ We recognize that courts have an interest in processing frivolous complaints in a reasonable and timely manner. Our determination that such suits cannot be dismissed under § 1915(d) after a partial filing fee has been paid need not prevent district courts from quickly disposing of frivolous *in forma pauperis* actions. District courts may continue to dismiss *in forma pauperis* actions for frivolousness under § 1915(d), as long as they do not require the plaintiff to pay a partial filing fee beforehand. *See Clark,* 974 F.2d at 50; *Grissom,* 934 F.2d at 657; *Her-*

*rick,* 914 F.2d at 230; *Funkhouser,* 873 F.2d at 1077; *Bryan,* 821 F.2d at 458. Indeed, while the district court's application of Northern District Local Rule 5.4 was erroneous in this case, nothing in Rule 5.4 itself requires that application. The Rule can easily be read to permit § 1915(d) dismissal *before* the plaintiff pays any partial fee. If the case is not frivolous, *then* the plaintiff may be granted leave to proceed *in forma pauperis* or required to pay the partial filing fee.

### III. CONCLUSION

To summarize:

We hold that a district court may not dismiss an *in forma pauperis* action as frivolous under 28 U.S.C. § 1915(d) after the plaintiff has paid a partial filing fee.

We reverse the dismissal under § 1915(d) and remand the cause for further proceedings in accordance with this opinion.