**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM LEBRON CHURCH,
<u>Plaintiff-Appellant,</u>

v.

ATTORNEY GENERAL OF THE
COMMONWEALTH OF VIRGINIA;
VIRGINIA DEPARTMENT OF

No. 95-7722

CORRECTIONS; EDWARD W. MURRAY,
Director; VIRGINIA PAROLE BOARD;
COUNTY OF AMELIA, VIRGINIA;
THOMAS V. WARREN, Judge;
COMMONWEALTH OF VIRGINIA,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-95-612)

Argued: October 30, 1996

Decided: September 10, 1997

Before HALL and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Reversed and remanded by published opinion. Judge Ervin wrote the
opinion, in which Judge Hall and Senior Judge Butzner joined.

_____

**COUNSEL**

**ARGUED:** James D. Ridgway, Third Year Law Student, Appellate
Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW,

Charlottesville, Virginia, for Appellant. Collin Jefferson Hite, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees. **ON BRIEF:** Neal L. Walters, Supervising Attorney, Carl D. Gray, Third Year Law Student, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. James S. Gilmore, III, Attorney General of Virginia, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

_____

**OPINION**

ERVIN, Circuit Judge:

William Church, a prisoner, appeals the order of the district court for the Eastern District of Virginia dismissing his complaint filed pursuant to 42 U.S.C. § 1983 as frivolous under 28 U.S.C. § 1915(d). Church requests that this Court resolve the question of whether he is required to pay the applicable filing fees under § 804(b) of the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(b)(1). For the reasons hereinafter explored, we hold that § 804(b) should not be applied retroactively to Church, that the district court erred by dismissing Church's complaint, and that this case should be remanded to the district court with Church having leave to amend his pleadings pursuant to Fed. R. Civ. P. 15.

I.

Church filed a complaint against the Attorney General of Virginia and other state officials alleging that he had been physically mistreated in prison and that he was the victim of conspiracies to unlawfully convict him and to deny him parole. In an October 19, 1995, memorandum, the court below granted Church's request to proceed in forma pauperis (IFP) and only required him to make partial payment of the filing fee. In the same memorandum the district court stated that Church's claims would be dismissed as frivolous. Church v. Virginia, CA 3:95CV612, slip op. at 1 (E.D. Va. Oct. 19, 1995).

2

On the same day, the court issued an order dismissing the action, J.A. at 21, prompting this appeal.**1**

While the instant case was pending on appeal, the Prison Litigation Reform Act (PLRA or the Act) was passed by Congress and signed into law on April 26, 1996. Section 804(b) of the PLRA amends 28 U.S.C. § 1915 to require the full payment of a filing fee by prisoners filing a civil action or an appeal IFP.

Church filed his notice of appeal on October 27, 1995. We directed Church to address in his brief the question of whether the filing fee requirement of the PLRA applies retroactively to a case pending on appeal on the effective date of the Act. Here, we first examine the primary issue on appeal: the retroactive effect of the PLRA. Next, we conclude that the court below erred by dismissing Church's complaint after -- as opposed to before -- accepting a partial filing fee. Because we instruct the district court to allow Church to amend his pleadings, we will not address the merits of Church's complaint.

II.

A.

The relevant portion of 28 U.S.C. § 1915, as amended by § 804 of the PLRA, provides:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

---

**1** The instant case was originally placed in abeyance pending our decision in Bellamy v. Davis, No. 95-7024. In Bellamy, the issue was whether a district court could dismiss a complaint as frivolous under 28 U.S.C. § 1915(d) (1988), after payment of a partial filing fee. After the case was set for oral argument, Bellamy moved to dismiss the appeal under Fed. R. App. P. 42(b). The case was dismissed on June 18, 1996.

> (A) the average monthly deposit to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915.

The Attorney General of Virginia (the Commonwealth), Defendant-Appellee here, does not dispute that § 804 reveals no express congressional intent that the provision apply retroactively. However, given the lack of express intent, the parties predictably disagree as to how we should determine whether the language applies to cases pending on appeal when the Act was signed.

The Supreme Court recently attempted to clarify its precedent guiding when congressional enactments should be applied retroactively. Landgraf v. USI Film Products, 511 U.S. 244 (1994). The Court noted that prospective application is favored, but that appellate courts do maintain some discretion on this issue:

> [I]f Congress has [expressly stated its intention], of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

Id. at 280 (emphases added).(Thus, despite some disagreement among the circuits as to whether § 804(b) should apply to cases pending at the time of PLRA's signing, the test for application should be whether it has a "retroactive effect."

4

Under the standard of Landgraf, if we require Church to now pay a filing fee that he was not required to pay when he filed his appeal, we "impair [a] right [he] possessed when he acted." Id. Although the increased up-front cost imposed by § 804(b) may deter prisoners from pursuing claims that they may otherwise have pursued-- one of the arguments for enacting the PLRA -- their right of access to the courts has nevertheless been diminished; the Commonwealth argues that this right be retroactively diminished for Church.

The Commonwealth further argues that IFP prisoners never had a right to reduced filing fees. Rather, according to the Commonwealth, the IFP statute applicable when Church filed his claim only relieved him from "prepayment" obligations, but did not relieve him of his obligation for this payment. See Flint v. Haynes , 651 F.2d 970, 972 (4th Cir. 1981) ("The use of the word `prepayment' in subsection (a) [of 28 U.S.C. § 1915] indicates that Congress did not intend to waive forever the prepayment of costs, but rather intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation."). Even so, Church was not previously obligated to pay the larger filing fee now required upon filing his appeal.**2** Further, retroactive imposition of the new filing fee would "impose new duties with respect to transactions already completed," namely filing his appeal. Landgraf, 511 U.S. at 280.

B.

The Commonwealth argues that the imposition of new filing fee requirements for IFP prisoners is simply a procedural alteration in the statute governing filing fees, and, under Landgraf, it is proper to apply such changes retroactively. See id. at 275.**3** The Court made the substantive/procedural distinction when it instructed that "the court must ask whether the new provision attaches new legal consequences

_____

**2** We are not suggesting that we have altered our previous position that litigants remain responsible for fees and costs associated with litigation although prepayment of certain expenses may be waived. Flint, 651 F.2d at 972.

**3** The Commonwealth apparently does not dispute that the Supreme Court is settled in its holding that new statutes which affect the substantive rights of the parties should normally be applied prospectively.

5

to events completed before its enactment." <u>Landgraf</u>, 511 U.S. at 269-70.

The substantive/procedural distinction is not new, but builds on Court precedent recognizing that procedural rules are more likely to be properly applied to pending appeals because of "the diminished reliance interests in matters of procedure." <u>Id.</u> at 275. In a 1969 case, the Supreme Court held that an agency circular requiring a local housing authority to give notice of reasons and opportunity to respond before evicting a tenant was applicable to an eviction proceeding that began before the regulation was issued. <u>Thorpe v. Housing Auth.</u>, 393 U.S. 268 (1969). The new hearing procedures did not affect either party's obligations. <u>Id.</u>

However, the instant case is distinguishable from <u>Thorpe</u>. The instant case involves the retroactive revocation of the right of an IFP prisoner to gain access to the courts by initially making a partial payment of his filing fee. As Church stated, "[t]he obligation to pay the appropriate filing fee arises at the moment of filing and is a necessary part of the filing process." Br. of Appellant at 12. Since, at the time Church filed and was granted IFP status, his financial status was evaluated and his fee obligations were determined, to reexamine the imposition of filing fees would impose upon him new and unanticipated obligations.

The Court in <u>Landgraf</u>, however, noted that even some purely procedural laws and rules may not be appropriately applied retroactively:

> [T]he mere fact that a new rule is procedural does not mean that it applies to every pending case. A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime . . . .

<u>Id.</u> at 275 n.29. Accordingly, in the instant case, the new law governing prisoner filing fees should not govern an action in which the prisoner has already "properly filed [his action and appeal] under the old regime."

6

C.

Our sister circuits are split on the issue of the retroactivity of § 804(b). Evaluating the operation of § 804(b) in a context similar to that of the instant case, the Second Circuit declined to apply Landgraf's reasoning regarding the application of new filing rules. See Covino v. Reopel, 89 F.3d 105, 108 (2d Cir. 1996). We disagree with the reasoning of Covino.

First, the Covino court simply concludes that the new filing fee language is procedural and imposes only a "slight burden" on the appellant prisoner. Id. at 107. That court requires the prisoner to remedy any disruption to settled expectations by either"accept[ing] . . . liability [for filing fees] or withdraw[ing] his appeal." Id. This choice, according to Covino, "fully serves the Congressional purpose of discouraging meritless appeals." Id. While this may be true, we again note that requiring the prisoner to make the choice suggested by the Covino court is to improperly "impair rights . . . [he] possessed when he acted . . . [and] impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280.**4**

The Eleventh Circuit, when it evaluated the application of certain PLRA amendments to 28 U.S.C. § 1915, largely followed the Covino court's interpretation of Landgraf. See Mitchell v. Farcass, 112 F.3d 1483 (11th Cir. 1997). In Mitchell, the court noted that § 1915(d) had, prior to the passage of the PLRA, permitted a court to dismiss a case if the court was "satisfied that the action [was] frivolous or malicious." Id. at 1486 (quoting 28 U.S.C.§ 1915(d) (1994)). The PLRA

_____

**4** In Covino, the court stated that, only if "judicial resources had already been expended," or if an appellant had "expended significant time and effort by preparing an appellate brief," might the new fee provisions in the PLRA be waived for a prisoner whose case was pending when the Act became effective. Id. at 108. This rule was applied by the Second Circuit when it held that a prisoner was not required to comply with the PLRA because "his appeal was fully briefed, considered by us, and deemed submitted for decision before the PLRA became effective." Ramsey v. Coughlin, 94 F.3d 71, 73 (2d Cir. 1996). Since we reject the Covino court's holding favoring retroactive application of the PLRA, we also reject this narrow exception.

7

changed § 1915 to also allow dismissal of an action or appeal if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." Id. (quoting 28 U.S.C. § 1915(e)(2)(B) (1997)). The Mitchell court concluded that these amendments were "wholly procedural" and only affected a prisoner's expectation interest; thus, the court held that they had no retroactive effect on cases pending when the PLRA was enacted. Id. at 1487.

We further note that the Covino court fails to notice that the actual language used by Congress in § 804(b) gives no directive as to retroactive application. We follow the Supreme Court's pronouncement in Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988), that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."

The Seventh Circuit in Abdul-Wadood v. Nathan , 91 F.3d 1023 (7th Cir. 1996), held that a case filed before the PLRA's enactment could not be dismissed based upon the PLRA-amended 28 U.S.C. § 1915(g). That amendment provided that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it was frivolous . . . ." 28 U.S.C. § 1915(g) (1996) (emphasis added). The court in Abdul-Wadood concluded that the new provision, by its language, only governed "bringing new actions or filing new appeals." Abdul-Wadood, 91 F.3d at 1025. Similarly, the Sixth Circuit in Wright v. Morris, 111 F.3d 414, 418 (6th Cir. 1997), held that Congress "expressly prescribed the statute's proper reach," id. (quoting Landgraf, 511 U.S. at 280), when, by enacting the PLRA, it amended 42 U.S.C. § 1997e to read, "[n]o action shall be brought with respect to prison conditions under section 1983. . . until such administrative remedies as are available are exhausted." See id. (quoting 42 U.S.C. § 1997e(a)) (emphasis added). The Wright court specifically pointed to the emphasized language as likely expressing congressional intent that the new requirement not pertain to pending cases. See Wright, 111 F.3d at 418. As noted above, 28 U.S.C. § 1915(b)(1), as amended by the PLRA and at issue in the instant case, states that a prisoner "shall be required to pay the full amount

8

of a filing fee" if he "brings a civil action or files an appeal in forma pauperis." (emphasis added). This language, just as that at issue in Abdul-Wadood and Wright, is clearly prospective.

Other courts have also declined to follow the Second Circuit's reasoning in Covino, and they specifically reject the application of § 804(b) to litigants who initiated their cases or filed their appeals before the President signed the PLRA. See White v. Gregory, 87 F.3d 429 (10th Cir. 1996); Thurman v. Gramley, 97 F.3d 185 (7th Cir. 1996). The Tenth Circuit simply stated this conclusion as self-evident from the Act. White, 87 F.3d at 430. The Seventh Circuit similarly found no ambiguity in the language Congress chose for the Act: "[T]he Act itself names the events that require the assessment and payment of fees: bringing a case, and filing an appeal. Once these milestones have been passed, fees do not attach to later activities." Thurman, 97 F.3d at 188 (citing Landgraf, 511 U.S. at 275 n.29). Following White and Thurman, we conclude that § 804(b) should not apply to Church and thus his filing fee liability should not be altered.

III.

As a final matter, we address the issue of whether the court below, applying the law in effect at the time Church filed his complaint, erred in dismissing Church's action as frivolous after his payment of a partial filing fee. We find that the district court did err in this regard.**5**

Pre-PLRA § 1915 allowed a litigant to proceed IFP upon proof of inability to pay court costs and fees. See 28 U.S.C. § 1915(a) (1988). The statute also allowed the district court to dismiss the IFP complaint sua sponte if it was frivolous or malicious. See 28 U.S.C. § 1915(d) (1988).

The question not specifically addressed by the statute, and one that at least seven circuits have answered in the negative, is whether under § 1915(d) the district court may sua sponte dismiss an action as a frivolous IFP action after accepting a partial filing fee. See Hughes v. City of Albany, 76 F.3d 53, 55-56 (2d Cir. 1996); McCaslin v. First

_____

**5** We review questions of law under a de novo standard of review. Williams v. Dept. of Veterans' Affairs, 104 F.3d 670, 673 (4th Cir. 1997).

9

Nat'l Bank, 43 F.3d 1182, 1183 (8th Cir. 1994); Butler v. Leen, 4 F.3d 772, 773 (9th Cir. 1993); Clark v. Ocean Brand Tuna, 974 F.2d 48, 50 (6th Cir. 1992); Grissom v. Scott, 934 F.2d 656, 657 (5th Cir. 1991); Herrick v. Collins, 914 F.2d 228, 230 (11th Cir. 1990); Bryan v. Johnson, 821 F.2d 455, 458 (7th Cir. 1987). We today follow our sister circuits.

We also note that, for purposes of amending his complaint, Church should be treated as if he had not filed in forma pauperis. See Hughs, 76 F.3d at 55-56 (2nd Cir. 1996); Grissom, 934 F.2d at 657; Bryan, 821 F.2d at 458. An IFP litigant is entitled to the opportunity under Fed. R. Civ. P. 15 to amend his complaint before dismissal.[6] See Hughs, 76 F.3d at 56; Butler, 4 F.3d at 773; Clark, 974 F.2d at 50; Grissom, 934 F.2d at 657; Herrick, 914 F.2d at 230). Therefore, the district court erred by dismissing Church's complaint before giving him an opportunity to correct any defects in the pleading.

IV.

We conclude that, even under Landgraf's evaluation of the retroactivity of procedural rules, Landgraf requires us to follow the Supreme Court's historical presumption against retroactivity and only apply § 804(b) prospectively. Further, we hold that the district court erred by dismissing Church's complaint after the court accepted the IFP prisoner's partial filing fee without allowing Church the opportunity to cure any defects in his complaint before dismissal. Therefore, this case shall be remanded with the instruction that Church be given leave to amend his pleadings or withdraw his suit without making any additional filing fee payments pursuant to § 804(b).

REVERSED AND REMANDED

_____

[6] "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .. . ." Fed. R. Civ. P. 15(a).

10