24-1438
*Lewis v. R.L. Vallee, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-five.

PRESENT:
 PIERRE N. LEVAL,
 RICHARD C. WESLEY,
 RICHARD J. SULLIVAN,
  *Circuit Judges.*

_____

SCOTT PHILLIP LEWIS,

 *Plaintiff-Appellant,*

 v.                                        No. 24-1438

R.L. VALLEE, INC., d.b.a. Maplefield's,

 *Defendant-Appellee.*

_____

For Plaintiff-Appellant:                    Scott Phillip Lewis, *pro se*, Lake Placid, NY.

For Defendant-Appellee:                Elizabeth K. Rattigan, Downs Rachlin Martin PLLC, Burlington, VT.

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 13, 2025 judgment of the district court is **AFFIRMED**.

Scott Phillip Lewis, proceeding *pro se*, appeals from the district court's *sua sponte* dismissal of his complaint – which asserts claims against his former employer, R.L. Vallee, Inc. ("RLV"), under the Americans with Disabilities Act (the "ADA"), New York Civil Rights Law ("NYCRL") § 50, and the New York common law of defamation – for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As a threshold matter, we must first consider whether we have jurisdiction to hear this appeal. *See Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 46 (2d Cir. 2020). Under 28 U.S.C. § 1291, a federal appellate court may hear

2

"appeals from all final decisions of the district courts of the United States." RLV argues that we lack appellate jurisdiction over this appeal because Lewis appealed from a non-final order. We disagree.

Ordinarily, an order dismissing a complaint but granting leave to amend is not a final, appealable order under section 1291. *See Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006). But "an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend." *Id.* "Even where the appellant does not explicitly disclaim intent to replead, we will treat a premature appeal from a judgment granting leave to amend as an appeal from a final judgment if the deadline for amendment has passed." *Id.* at 224 n.7. Here, the district court dismissed Lewis's complaint and granted him leave to amend within thirty days. Because Lewis failed to amend within that time frame, the district court's dismissal ripened into a final decision over which we have appellate jurisdiction.[1]

Turning to the merits of Lewis's appeal, we review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Hardaway v.*

---

[1] We also note that "a premature notice of appeal from a non[-]final order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice"; both conditions exist here. *Berlin v. Renaissance Rental Partners, LLC*, 723 F.3d 119, 128 (2d Cir. 2013) (internal quotation marks omitted).

*Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). "We accept as true all facts described in the complaint but need not accept conclusory allegations or legal conclusions couched as factual allegations." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (alterations accepted and internal quotation marks omitted). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Lewis first argues that the district court erred in failing to issue a summons pursuant to Federal Rule of Civil Procedure 4. Rule 4(b) provides that upon the "filing [of] the complaint," a district court clerk "must sign, seal, and issue" a completed summons "to the plaintiff for service on the defendant." However, we have long recognized that district courts may "dismiss [*pro se*] complaints" pursuant to section 1915 "prior to service upon defendants and the filing of a motion or answer." *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995); *see also Hughes v. City of Albany*, 76 F.3d 53, 56 (2d Cir. 1996) (noting that only after paying a filing fee – or being granted *in forma pauperis* status – is a plaintiff considered to have

4

"'filed' his complaint for purposes of Rule 4" and "therefore entitled to have a summons issued").

Lewis next argues that the district court erred in concluding that his complaint failed to state a claim. Again, we disagree. To plead an ADA violation, Lewis was required to allege that "(1) [he] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, [he] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 183–84 (2d Cir. 2006) (internal quotation marks omitted). The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities" of the plaintiff. 42 U.S.C. § 12102(1)(A).

Even though Lewis alleged that he suffers from post-traumatic stress disorder, attention-deficit/hyperactivity disorder, and alcohol abuse disorder, he did not allege how these conditions substantially limit one or more major life activities. What's more, Lewis does not allege that he was denied a reasonable accommodation. We have explained that "[a] reasonable accommodation is one that enables an individual with a disability . . . to perform the essential functions

5

of [his] position or to enjoy equal benefits and privileges of employment." *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (alterations accepted and internal quotation marks omitted). While Lewis's complaint alleges that he "was not given opportunities to work to his strengths" in light of his "college degree[] and previous work experience" and was "put in what was perceived to be manufactured situations for entertainment purposes," RLV App'x at 9, such conclusory allegations do not suffice to state a claim, *see Iqbal*, 556 U.S. at 678. The complaint does not explain what specific accommodation he sought, how that accommodation would have allowed him to perform essential job functions, or how RLV denied him such an accommodation. Accordingly, the district court did not err in dismissing Lewis's ADA claim.

Lewis's NYCRL § 50 claim fares no better. To plead such a claim, a plaintiff must allege the "(1) use of [his] name, portrait, picture[,] or voice (2) for advertising purposes or for the purposes of trade (3) without consent and (4) within the state of New York." *Lohan v. Take-Two Interactive Software, Inc.*, 31 N.Y.3d 111, 120 (2018) (internal quotation marks omitted). "To be a use for advertising purposes, the use must appear in or as part of an advertisement or solicitation for patronage," *Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 130 (2d Cir. 1984) (internal quotation

6

marks omitted), and to be a use for trade purposes, the use must "draw trade to the firm," *Kane v. Orange Cnty. Publ'ns*, 649 N.Y.S.2d 23, 25 (2d Dep't 1996). Lewis contends that RLV shared surveillance footage of him at work, but beyond conclusory statements, Lewis does not allege how RLV used this surveillance footage for advertising or trade purposes. We therefore agree with the district court that Lewis failed to state a claim under the NYCRL.

Finally, Lewis has not stated a defamation claim under New York law. To bring such a claim, a plaintiff must allege "(1) a written [or spoken] defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or *per se* actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). A defamation "complaint [must] afford [a] defendant sufficient notice of the communications complained of to enable him to defend himself," which "requires the plaintiff to identify not only the publication, but also the respect in which it was allegedly false." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 251 (2d Cir. 2017) (internal quotation marks omitted). Here, Lewis's complaint offers only barebones allegations that an RLV assistant manager "made false statements regarding [an] altercation" between Lewis and that manager.

RLV App'x at 11.   It does not identify the content of the allegedly false statement or to whom it was communicated.   For these reasons, the district court properly concluded that Lewis failed to state a claim for defamation.

*      *      *

We have considered Lewis's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Lewis's request for permission to file a supplemental brief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court