24-1342-cv
*Lewis v. Redline Hockey, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-five.

PRESENT:
>JOHN M. WALKER, JR.,
>ROBERT D. SACK,
>EUNICE C. LEE,
>>*Circuit Judges.*

––––––––––––––––––––––––––––––––––––––

Scott Phillip Lewis,

>*Plaintiff-Appellant,*

>v.                                                            24-1342

Redline Hockey, LLC, DBA USA Hockey Store and USA Spirit Shop, USA Hockey Inc., Matthew Nyman, Michael Nyman,

>*Defendants-Appellees.*

––––––––––––––––––––––––––––––––––––––

FOR PLAINTIFF-APPELLANT:                    Scott Phillip Lewis, *pro se*, Lake
                                            Placid, NY.


FOR DEFENDANTS-APPELLEES:                   No appearance.


Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*; Daniel J. Stewart, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Scott Phillip Lewis, proceeding *pro se* and *in forma pauperis*, appeals from the district court's judgment *sua sponte* dismissing his complaint pursuant to 28 U.S.C. § 1915(e).

Lewis commenced this action against his former employers—Redline Hockey, LLC ("Redline"), USA Hockey Inc., Matthew Nyman, and Michael Nyman—asserting violations of the Americans with Disabilities Act ("ADA") and New York Civil Rights Law ("NYCRL") § 50, as well as a claim of defamation. Lewis also filed a motion to proceed *in forma pauperis*. While his motion remained pending, Lewis submitted a letter request for the district court to issue

2

summonses. A magistrate judge denied the request as premature pending initial review of Lewis's complaint under § 1915(e) and later denied Lewis's motion for reconsideration. In a separate order, the magistrate judge granted Lewis's motion to proceed *in forma pauperis* and recommended dismissing the complaint under § 1915(e) for failure to state a claim. Lewis objected to the magistrate judge's recommended dismissal and also appealed the magistrate judge's denial of his request to issue summons to the district court.

Over Lewis's objections, the district court adopted the magistrate judge's report and recommendation and *sua sponte* dismissed Lewis's complaint under § 1915(e), concluding that he failed to state a claim. In addition, the district court denied Lewis's appeal from the denial of his request to issue summonses. The court granted Lewis leave to amend his complaint, but Lewis failed to timely do so and instead filed this appeal.

We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

**I. Denial of Request to Issue Summonses**

On appeal, Lewis primarily argues that the district court's refusal to issue summonses was error. This argument is meritless.

3

Rule 4(b) provides that, upon the "filing [of] the complaint," a district court clerk "must sign, seal, and issue" a completed summons "to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). However, we have recognized that district courts may "dismiss [pro se] complaints" pursuant to § 1915 "prior to service upon defendants and the filing of a motion or answer." *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995); *see also Hughes v. City of Albany*, 76 F.3d 53, 56 (2d Cir. 1996) (noting that only after paying a filing fee—or being granted *in forma pauperis* status—is a plaintiff considered to have "'filed' his complaint for purposes of Rule 4" and "therefore entitled to have a summons issued"). Accordingly, the district court did not err in declining to issue summonses before *sua sponte* dismissing Lewis's complaint pursuant to § 1915(e).

**II. *Sua Sponte* Dismissal of the Complaint**

Lewis further argues that he stated a claim upon which relief may be granted. This argument is also meritless. The district court properly *sua sponte* dismissed his complaint under § 1915(e) for failure to state a claim.

We "review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). "To avoid dismissal, a complaint must plead 'enough facts to state a claim

4

to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We will "afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se 'to raise the strongest claims that it suggests.'" *Id.* (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

First, the district court correctly concluded that Lewis failed to state an ADA claim. "To establish a *prima facie* case [for failure to accommodate] under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) . . . his employer refused to make a reasonable accommodation." *Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242, 246 (2d Cir. 2025) (alterations in original) (emphasis omitted) (quoting *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020) (per curiam)).

To establish a prima facie case of discrimination under the ADA, the first three requirements are the same, but the fourth requirement is that the plaintiff

show "he suffered [an] adverse employment action because of his disability." *Woolf*, 949 F.3d at 93. At the pleading stage, a plaintiff need only "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (discussing *McDonnell Douglas* burden-shifting framework and pleading standard with respect to Title VII claim); *see also Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (per curiam) (explaining that *McDonnell Douglas* burden-shifting framework applies to ADA discrimination claims).

Lewis's complaint did not allege that he was denied a reasonable accommodation (or that he even requested one), did not connect any of the defendants' alleged actions to any alleged disability, and did not plausibly suggest even a minimal inference of discrimination. Accordingly, Lewis failed to state any claims under the ADA. *See Iqbal*, 556 U.S. at 678.

Second, the district court correctly concluded that Lewis failed to state a claim under NYCRL § 50. "Sections 50 and 51 of the New York Civil Rights Law prohibit the '(i) usage of plaintiff's name, portrait, picture, or voice, (ii) within the state of New York, (iii) for purposes of advertising or trade, (iv) without plaintiff's written consent.'" *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 121 (2d Cir. 2023)

6

(quoting *Electra v. 59 Murray Enters.*, 987 F.3d 233, 249 (2d Cir. 2021)); *see also Lohan v. Take-Two Interactive Software, Inc.*, 31 N.Y.3d 111, 120 (2018) (noting limited scope of NYCRL § 50). But, as observed by the district court, none of the allegations in the complaint plausibly alleged the requisite elements. Lewis never explained what specific footage of him was allegedly used by the defendants; he merely speculated that footage depicting him could have been used for advertising or trade purposes. Accordingly, he failed to state any NYCRL § 50 claims. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("[C]ourts have no obligation to entertain pure speculation and conjecture.").

Finally, the district court correctly concluded that Lewis failed to state a defamation claim. "Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). As the district court explained, Lewis's allegations were not specific enough to establish falsity, and he offered no facts suggesting special damages or per se actionability. Thus, Lewis's allegation that Matthew Nyman

7

"made false statements," without any additional facts, was insufficient to state a claim.  *See Iqbal*, 556 U.S. at 678–79.

We deny Lewis's request to file a supplemental brief.  We have considered Lewis's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8