**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-20286

(Summary Calendar)
_____

KENNETH LERON SATTERWHITE,

Plaintiff-Appellant,

versus

VERNICE SMALL; DAVID B BRYANT; R L OTT,
Warden; KENT RAMSEY; JOHN E STICE; F E
FIGUEROA,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-4694)

---

January 14, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Kenneth L. Satterwhite, Texas prisoner #393238, appeals from the dismissal of his 42 U.S.C. § 1983 action as frivolous. Satterwhite contends that the district court erred by dismissing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his action as frivolous following the imposition of a partial filing fee; that prison officials retaliated against him for using the prison grievance system by filing false disciplinary charges against him; that he did not receive due process at his disciplinary hearing; that prison officials conspired to deprive him of due process at his disciplinary hearing; that a prison warden retaliated against him for filing the current lawsuit by transferring him to a different prison unit; and that at his *Spears*[1] hearing the district court improperly relied on the prison record and the testimony of a prison official to contradict Satterwhite's allegations.

Satterwhite filed his complaint and paid a $30 partial filing fee before the effective date of the PLRA. He failed, however, to serve Ramsey and Stice. While the Prison Litigation Reform Act (PLRA) allows district courts to dismiss a pauper/prisoner's complaint as frivolous at any time despite the payment of a partial filing fee, 28 U.S.C. § 1915(e)(2), prior to the PLRA such a dismissal was not authorized. S*ee Grissom v. Scott*, 934 F.2d 656, 657 (5th Cir. 1991). We need not determine, however, whether this provision of the PLRA applies retroactively to Satterwhite because we may affirm the dismissal on other grounds. *See Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283, 287 (5th Cir. 1984), *overruled on other grounds*, *Victorian v. Miller*, 813 F.2d 718, 724 (5th Cir.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)

-2-

1987); *Irving v. Thigpen*, 732 F.2d 1215, 1216 n.2 (5th Cir. 1984). Because Ramsey and Stice remain unserved, we vacate the dismissal with prejudice and remand to the district court for entry of an order of dismissal without prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc); *Kersh v. Derozier*, 851 F.2d 1509, 1511-1512 (5th Cir. 1988).

Satterwhite contends he was retaliated against for pursuing prison grievances. He discusses the law he believes is relevant to his argument but discusses no facts relevant to such argument beyond stating that the motivation of the relevant defendants was based on his disciplinary hearing and the appeal resulting therefrom. Satterwhite has failed to adequately brief this issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Satterwhite's punishment of 15 days solitary confinement and a reduction in line class did not impose the type of atypical and significant hardship on Satterwhite in relation to the ordinary incidents of prison life that would give rise to a liberty interest. *See Sandin v. Connor*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Satterwhite has failed to state a due process claim regarding his disciplinary hearing.

Satterwhite contends that the defendants conspired to violate his rights during and after his disciplinary hearing, but he offers no detailed factual arguments in his appellate brief. He has

failed to adequately brief the issue for appeal. *See Brinkmann*, 813 F.2d at 748.

Satterwhite's allegations against the prison warden do not give rise to a plausible inference of retaliation. Satterwhite did not name the warden as a defendant in his initial complaint, and none of the warden's actions was at issue. Satterwhite was transferred to another prison unit before he called the warden's actions into question in his supplemental complaint. The chronology alleged by Satterwhite does not give rise to an inference of retaliation, and Satterwhite has made no other allegations giving rise to such an inference. Satterwhite has failed to state a claim of retaliation against the warden. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied sub nom*, Palermo v. Woods, 116 S. Ct. 800, 133 L.Ed.2d 747 (1996). Because Satterwhite has failed to brief two of his appellate issues and because he failed to state a claim regarding his other issues, the dismissal of his complaint is affirmed except as to Ramsey and Stice.

AFFIRMED in part and VACATED and REMANDED in part.