IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50856
Conference Calendar

_____

PRENTIS PERRY,

                                        Plaintiff-Appellant,

versus

ERNEST PACK, Correctional Officer III
at Boyd Unit; KEVIN COOK, Correctional
Officer III at Boyd Unit; MONTE CALAME,
Sergeant at the Boyd Unit,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-336
- - - - - - - - - -

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Prentis Perry, Texas prisoner # 506616, has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal, following the dismissal of his complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). By moving for IFP status, Perry is challenging the district court's certification that IFP status should not be granted on appeal because his appeal presents no

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issues and is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Perry argues that the district court failed to give its reasons for denying his motion for leave to proceed IFP on appeal. Perry also argues that the district court may not dismiss his § 1983 action after requiring him to pay a partial filing fee, relying on Grissom v. Scott, 934 F.2d 656, 657 (5th Cir. 1991). The district court stated it was denying Perry's IFP motion because he had not identified a nonfrivolous issue for appeal. Perry's reliance on Grissom is misplaced as it was decided prior to the enactment of the Prison Litigation Reform Act (PLRA), and Perry's action was filed after the April 26, 1996, effective date of the PLRA. Perry has not shown that he will raise a nonfrivolous issue on appeal. Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issue. Perry's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Perry's § 1983 action counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a "strike" for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Perry is warned that if he accumulates a third "strike" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.